No. 62.—ALEXANDER RATTEREE, plaintiff in error, *vs.* DAVID D. NELSON, defendant in error.

[1.] If a party wishes to introduce a copy deed in evidence, it will be a sufficient compliance with the rule, to swear that the original deed in his belief is lost or destroyed, and that it is not in his custody, power or control.

[2.] It is error for the presiding Judge to express an opinion to the Jury on the facts proven.

Ejectment, in DeKalb Superior Court. Tried before Judge HILL, March Term, 1851.

This was an action of ejectment, brought on the several demises of David D. Nelson, Noah Paramore, executor of John Paramore, and Simeon A. Smith, against Alexander Ratteree, defendant, for the recovery of lot of land, No. 124, in the 14th district of originally Henry, now DeKalb County. By an order

Ratteree *vs.* Nelson.

of the Court, at September Term, 1850, Robert F. Sessions was made a co-defendant.

The defendant pleaded the general issue and the Statute of Limitations. On the trial, the plaintiff proved by Andrew Caldwell, the possession of the land by the defendant, Ratteree, and that he had been in possession since the year 1841.

Plaintiff read in evidence a plat and grant from the State to David D. Nelson, also a letter from Ratteree, the tenant in possession, to Noah Paramore, of which the following is a copy:

" GEORGIA, DeKALB COUNTY.

" *Sir:*—I wish to inform you that if you think your title is good to lot of land, No. 124, in the 14th district, formerly Henry, now DeKalb, and will sell said lot and make a warranty title to it at a fair price, I will buy. I hav'nt the money, but I have got a likely negro girl, I will bring down and give you for the land, if you will make that kind of a trade.

Yours truly,        ALEX. RATTEREE."

" This, 28th July, 1848."

Here the plaintiff closed.

The defendant offered in evidence, a copy deed, on the records in the Clerk's office of the Superior Court of DeKalb County, made by James Turner to Robert F. Sessions, co-defendant, first having submitted a written affidavit made by Sessions, in substance as follows, " that the original deed, which was made on the 6th day of September, 1829, and recorded on the 10th day of September, 1842, is not in his power, custody, or control; that he has made diligent search for the same, and that he believes the said original has been and still is lost or destroyed."

R. M. Brown, the Clerk, swore, " that upon the application of Sessions, he made diligent search in his office, but could not find the original deed; that the deed was recorded by his predecessor, who, when he left the office, took with him many of the deeds which he had recorded."

Counsel for plaintiff objected to the admission of the deed in evidence, which motion was sustained by the Court, on the grounds,

1st. Because the opposite party had not been notified to produce the original deed.

2d. Because the affidavit did not show that diligent search had been made for the original, and that the word "made" in the affidavit, was not sufficient to show that the deed ever was executed.

To which ruling of the Court, counsel for defendant excepted.

The Court charged the Jury "that the plaintiff had shown a sufficient title to enable him to recover, *prima facie*, the premises in dispute, and that they must find for him, unless the defendant showed a legal title." At this point, counsel for defendant remarked to the Court, "that the defendant thought he had proven over seven years' peaceable possession." The Court then charged the Jury, "If you believe Ratteree has proven that he has held the land, claiming it as his own, for over seven years, and you believe this notwithstanding his letter to Paramore, you will find for the defendant, with cost of suit."

To which charge counsel for defendant excepted, and upon these exceptions have assigned error.

MURPHY & COLLIER, represented by GLENN, for plaintiff in error.

CALHOUN, for defendant in error.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The rule of Court requires that when a party wishes to introduce a copy deed in evidence, it shall be a sufficient foundation for the introduction of such secondary evidence, for the party to swear to his belief of the loss or destruction of the original, and that it is not in his possession, power or custody. The plaintiff in error, we think, complied with the requirement of the rule; he swears to the *making* of the original deed; we understand him thereby to swear that it was *executed.* It is not expected that a party shall use strictly accurate professional

VOL X 56

language; the deed was proven to have been recorded; the assumption upon the face of the whole affidavit is that there was an original deed.  He farther swears that according to his belief the original is lost or destroyed, and that it is not in his power, custody or *control.*  It is objected that he does not swear that the original is not in his *possession.*  The rule, it is true, uses the word *possession ;* a literal compliance as to that matter is not necessary; if he complies substantially it is enough.  That he has done.  He is clearly held to swear that it is not in his *possession,* when he swears that it is not in his custody or control. If it was in his possession, the party is perjured, because then it would have been in his custody and control; if in his possession, it would be in his *power.*  He did swear, not in the language of the rule, but in its spirit and meaning, that the deed was not in his possession.  We think the copy ought to have been admitted.

[2.] The presiding Judge instructed the Jury, " that the plaintiff had showed sufficient title to enable him to recover, *prima facie,* the premises in dispute, and that they must find for him unless the defendant showed a legal title."  It is objected that the Judge expressed an opinion to the Jury on the facts. He clearly did, when he said that the plaintiff had shown a sufficient title to recover, *prima facie,* the premises in dispute.  If he meant such a title as the law would sustain, if the Jury found the facts as attempted to be proven, he did not say so.  The Jury had good right to believe that he intended to say that a sufficient title was in fact proven.  This was violative of the Act of the Legislature, and was error.

We find no fault with the rest of the charge.  He did not intend to exclude from their consideration, the evidence of possession ; but we understand him to say, that if after considering his letter, the Jury believed still that defendant had proven possession for seven years, claiming the land as his own, they should then find for the defendant.  Both the evidence of possession and the letter were, we think, submitted to the consideration of the Jury.

Let the judgment be reversed.