LEMUEL DAVIS, plaintiff in error, vs. JAMES B. STRIPLING, defendant in error.

An open, continuous and uninterrupted possession of a lot of land for seven years, under color of title, is sufficient to support an action of ejectment as against a tenant in possession, although it does not affirmatively appear that a grant for the lot has ever issued from the State.

Ejectment, from Tatnall county. Tried before Judge FLEMING, at the October Term, 1860.

For the facts of this case, see the opinion of the Court.

BACON, for plaintiff in error.

———— ————, for defendant in error.

*By the Court.*—LYON, J., delivering the opinion.

This was an action of ejectment, for the recovery of a lot of land in Tatnall. The plaintiff proved that the defendant was in possession of the land in controversy; that the land was re-surveyed by the witness, Jordan, and a plat made, under an order of Court, and that the resurvey was made from a copy of plat and grant. Benjamin Greiner, a witness for the plaintiff, testified that the premises in dispute to be the place where Frederick Dinkins lived at the date of the bond given by Abner Davis to John Davis, and that John Davis went into immediate possession of the premises at that date, (13th October, 1824,) and continued in possession until he died, about four years thereafter, and that the widow of said Abner Davis, Maache Davis, continued in possession of

the premises after the death of her husband some five years, and that ever since that time, either she or her son, the plaintiff, has kept up the fence around the field and planted it, as nearly as he recollects, every year up to the present time. Malcom Johnson testified to the same facts. Clement Echols and James H. Smith testified that the defendant had cut and carried away from the lot 103 trees of the value of one dollar each. Plaintiff also put in evidence a bond agreement from Abner Davis, to John Davis, to make titles for the premises in dispute, when he, John Davis, should make payment of two notes for $75 00 each, given by said John to Abner Davis therefor on said bond, bearing date the 13th October, 1824; also, two notes of $75 00 each, of same date, by John Davis and one Michael Davis, with evidence of the payment of said notes in part, if not in whole, by Mrs. John Davis; also, a deed by John Perry, as attorney at law for Abner Davis, to Maache Davis, dated the 10th day of March, 1834, for the land in dispute. The plaintiff also put in evidence a deed from Maache Davis to the plaintiff, Samuel Davis, for the same land, dated the 16th day of February, 1847. On this evidence the plaintiff closed his case, and the Court, on motion of the defendant, awarded a non-suit. To this decision the plaintiff excepted, and that is the error alleged.

We think that the Court, in awarding judgment of non-suit, committed error. The plaintiff had shown a continuous and uninterrupted possession of the land in dispute under color of title and claim of right, either by himself or those under whom he held, for more than seven years prior to the commencement of the action, and he was, therefore, *prima facie*, at least, entitled to recover. If the grant had not issued from the State for the land, and neither party therefor had the title, still the plaintiff was entitled to recover from this defendant on account of his prior possession. *Aug. on Lim.*, 398, and cases cited. Upon the facts before the Court, the plaintiff had *prima facie* a paramount title to the land against the world.

Let the judgment be reversed.