ROBERTS, president, vs. MARTIN et al.

An administrator's deed, accompanied by the order of the ordinary granting leave to sell, is not mere color of title, although the letters of administration may not be produced. When the order of the court of ordinary granting leave to an administrator to sell the land belonging to the estate of his intestate has been shown, the law presumes that all has been done which was necessary to have been done before the same was granted. This includes not only showing the necessity of the sale, and that it would be for the benefit of the heirs and creditors, but also the fact that the applicant was the administrator and authorized to make the sale.

March 13, 1883.

Title. Administrators and Executors. Before Judge WELLBORN. LUMPKIN Superior Court. April Term, 1882.

To the report contained in the decision, it is necessary to add only the following: The action was complaint for land. The plaintiff showed a chain of title from the state to him. One link in this chain was an administrator's deed, made by Jarrell Beasely, administrator of R. C. Beasely, to William P. Beasely. With this deed, was introduced a certified copy of the order of the court of ordinary granting to Jarrell Beasely, as administrator, leave to sell the real estate of the decedent. The court charged that this would be only color of title, without the production of the letters of administration. The jury found for the plaintiff. Defendants moved for a new trial, on the ground, among others, that the verdict was contrary to the charge. The court granted the new trial, stating in his order that he was not satisfied that there was sufficient evidence to make out title by prescription in plaintiff. Plaintiff excepted.

WIER BOYD, for plaintiff in error.

W. P. PRICE; S. D. IRVIN, for defendants.

CRAWFORD, Justice.

W. S. Roberts, president of the Augusta and Dahlonega Gold Mining Company, brought this suit to recover one undivided half of lot of land number 147, in the 12th district and 1st section of Lumpkin county.

Upon the trial of the case, the jury, under the evidence and charge of the court, returned a verdict for the plaintiff. The defendant made a motion for a new trial, upon several grounds, one of which was, that the jury found contrary to the charge of the court, wherein he had instructed them that the deed of Jarrell Beasely, administrator of Robert C. Beasely, with the order of the ordinary granting leave to sell, was only color of title, unless his letters of administration were also produced in evidence. Upon this ground, the motion for a new trial was granted, the judge stating therein that he was not satisfied that there was sufficient evidence to make out a title by prescription in favor of the plaintiff.

The evidence contained in the record shows a perfect legal title in the plaintiff, unless it is true, as charged by the court, that the administrator's deed, without the production of his letters of administration, was only color of title. In this, however, we cannot concur, as it is well settled in this state that the judgment and order of the ordinary having jurisdiction of the administration of an estate, gives complete and ample power to the administrator to sell the realty of the intestate. When, therefore, the order of the court of ordinary was shown, granting leave to Jarrell Beasely, the administrator, to sell the lands belonging to the estate of Robert C. Beasely, the law presumed that all had been done which was necessary to have been done, before the same was granted, and the court should not have gone behind the judgment. This includes not only the necessity of the sale, and that it would be for the benefit of the heirs and creditors, but of the fact that Jarrell Beasely was the administrator, and authorized to

make the sale. 47 *Ga.* 195; 50 *Ib.*, 231; 64 *Ib.*, 323. His deed, thus supported, was a sound link in the chain of a perfect legal title, and to limit its legal effect to a mere color of title, requiring it to be supported by adverse possession and ripened into a title only by prescription, was error. The finding of the jury, under the law and evidence, being satisfactory to the judge, except on this question, and his construction of the law on that being, as we hold, wrong, the new trial should not have been granted, and his judgment thereon must be reversed, and it is so ordered.

Judgment reversed.