## TILLMAN, trustee, *v.* BANKS *et al.*

A deed executed in 1875 conveyed property to the grantee, "in trust nevertheless for the sole and separate use of [a named person], wife of the [grantor], for and during her natural life, and after her death to such children she may leave living at the time of her death, having been begotten by the said [grantor], share and share alike; with power to the said [wife] to empower the said [trustee], by writing under her hand, to sell any part or the whole of the trust estate, and to reinvest the proceeds in such other property, subject to the above-described trust, as he shall deem most beneficial for the interest of the trust estate." *Held:* (1) That the trust created was for the life-estate only. (2) That the remainder created was a legal remainder. (3) That, under the operation of the married woman's act of 1866, the trust became executed immediately upon the delivery of the deed, and the legal title to the life-estate vested in the wife of the grantor. (4) That the person named in the conveyance as trustee had no right to bring a suit to recover any interest in the property. (5) That when, in the trial of a suit brought by the named trustee as such, the evidence relied upon for a recovery was the deed referred to and possession by the trustee for more than seven years under the deed; a nonsuit was properly granted, for the reason that the trustee had no title upon which he could recover, and his possession would not have the effect to vest the title in him but would enure to the benefit of the. wife. (6) That an amendment to such a suit, in effect striking the name of the trustee and substituting therefor the names of the wife and children, was properly disallowed; there being no law in this State authorizing a new party to be added in such a case.

Argued June 30,—Decided August 8, 1902.

Complaint for land. Before Judge Evans. Tattnall superior court. October 9, 1901.

*W. T. Burkhalter* and *C. L. Morgan*, for plaintiff.
*James K. Hines* and *John P. Moore*, for defendants.

COBB, J. This was an action brought by James Tillman, as trustee for Rhody Carter, against Banks and his wife, to recover possession of a tract of land. The abstract of title attached to the petition referred to numerous deeds and simply stated the names of the grantors and grantees and the dates of such deeds; the abstract concluding with these words: "Deed from Tim Carter to James Tillman, in trust for Rhody Carter, dated Jan. 1st, 1875. All of the deeds aforesaid conveying the lands in question." At the conclusion of the plaintiff's evidence the defendants made a motion for a nonsuit, and to avoid the effect of this motion the plaintiff offered to amend the petition by making Rhody Carter and her children (naming them) begotten by her husband, Tim Carter, parties plaintiff in the case, so that the suit would proceed in their names; it being alleged that Rhody Carter and her children as well as Tillman consented to this amendment in open court. The court refused to allow the amendment, and passed an order granting a nonsuit. To the rulings just referred to the plaintiff excepted. The conveyance under which the plaintiff claimed the right to recover was a deed from Tim Carter to James Tillman, trustee, which conveyed the premises in dispute to Tillman, "in trust nevertheless for the sole and separate use of the said Rhody Carter, wife of the said Tim Carter, for and during her natural life, and after her death to such children she may leave living at the time of her death, having been begotten by the said Tim Carter, share and share alike; with power to the said Rhody Carter to empower the said Jim Tillman, by writing under her hand, to sell any part or the whole of the trust estate, and to reinvest the proceeds in such other property, subject to the above-described trust, as he shall deem most beneficial for the interest of the trust estate." This deed was dated January 1, 1875. The trust created under this deed was for the life-estate of Rhody Carter only, and there was no trust created for the remaindermen. The deed created a legal estate in remainder for the benefit of such of the children of Rhody Carter and her husband, Tim Carter, as were in life at the time of her death. *Bull*

v. *Walker*, 71 *Ga.* 195; *Wilbur* v. *McNulty*, 75 *Ga.* 458; *Cars-well* v. *Lovett*, 80 *Ga.* 36; *East Rome Co.* v. *Cothran*, 81 *Ga.* 359; *De Vaughn* v. *McLeroy*, 82 *Ga.* 687; *McDonald* v. *McCall*, 91 *Ga.* 304; *Baxter* v. *Wolfe*, 93 *Ga.* 334; *Fleming* v. *Hughes*, 99 *Ga.* 444.

In *Sutton* v. *Aiken*, 62 *Ga.* 733, it was held that a conveyance in trust for a married woman, of full age and sound mind, with no remainder to protect and nothing prescribed for the trustee to do, operates to pass the legal title immediately into the beneficiary, when the conveyance was made since the act of 1866, which se-cured to married women all their property as a separate estate. This ruling was followed in *New South Association* v. *Gann*, 101 *Ga.* 678, and in *City of Rome* v. *Shropshire*, 112 *Ga.* 93. It has been held that where a conveyance, executed or taking effect since the passage of the married woman's act of 1866, and which created a trust estate for life for a married woman of sound mind and la-boring under no disability, and a legal estate in remainder for her children or others, vested the legal title to the life-estate, im-mediately upon the conveyance taking effect, in the married wo-man, the trust attempted to be created being, under the operation of the married woman's act, an executed trust so far as the life-estate was concerned. *Kile* v. *Fleming*, 78 *Ga.* 1; *Harrold* v. *Westbrook*, 78 *Ga.* 5; *Woodward* v. *Stubbs*, 102 *Ga.* 187; *Allen* v. *Hughes*, 106 *Ga.* 775; *Brantley* v. *Porter*, 111 *Ga.* 886; *Over-street* v. *Sullivan*, 113 *Ga.* 891. Immediately upon the execution of the deed from Tim Carter to Tillman the trust therein attempted to be created for the benefit of Rhody Carter during her life be-came an executed trust, and the legal title to the life-estate vested immediately in her. The deed did not create any trust for the benefit of the remaindermen. Hence no title to the remainder, without regard to what the character of that remainder may be, whether vested or contingent, ever passed to Tillman. It follows that Tillman had no authority to bring a suit in relation to the land, either in behalf of Rhody Carter or her children. So far as the life-estate is concerned, the right to sue for the possession of the property is in Rhody Carter; and so far as the remainder is concerned, the right to sue will be in the children of Rhody and Tim Carter who may be living at her death. Under no view of the case was Tillman, the person named in the deed as trustee, au-thorized to bring a suit. The court did not err, therefore, in hold-ing that the plaintiff had failed to make out his case.

It was argued by counsel for the plaintiff in error that the case made in the petition had been proved strictly as laid, and that therefore, under the ruling in *Fleming* v. *Roberts*, 114 *Ga.* 634, and the cases which that followed, the grant of a nonsuit was erroneous. The plaintiff did not prove his case as laid. The substance of his allegations, as will be seen from what is said above in reference to the petition, was in effect that James Tillman, as trustee for Rhody Carter, was entitled to recover the land. The evidence offered to support these allegations, that is, the deed which attempted to create the trust in James Tillman, did not in law have the effect of creating such a trust, and therefore the proof did not support the allegation. The petition and the abstract of title attached thereto, when taken as a whole, can not be construed in any other way than as a claim by James Tillman to recover the land as the holder of the legal title, although he admits in the petition that he holds it for the benefit of Rhody Carter. As the evidence failed to establish that he was the holder of the legal title, he failed to prove the case laid in the petition. The amendment offered, which was in effect to strike the name of Tillman, trustee, as plaintiff and substitute the names of Rhody Carter and her children, was properly refused. There is no law in Georgia authorizing, in a case like this, the substitution of new parties. In addition to this, so far as the children were concerned, they acquired under the deed no present right to sue, the remainder interest being conveyed to such of them only as were living at the date of their mother's death. It is contended by counsel for the plaintiff in error that, even if the court did not err in refusing the amendment and did not err in construing the deed, the suit was a suit by James Tillman, and there was evidence which would authorize a jury to find that he had been in adverse possession of the property for more than seven years, and that he was entitled to recover upon this prescriptive title. It might be a sufficient answer to this contention to say that the plaintiff's suit was not predicated upon a prescriptive title. In the abstract of title attached to the petition there appears no reference whatever to a prescriptive title, the abstract relating entirely to a legal title acquired through a series of conveyances therein referred to. But even if the case be treated as one in which the plaintiff would be allowed to recover upon a prescriptive title if the evidence was of a character to authorize a finding in his favor,

and even if the evidence warranted a finding that Tillman had been in adverse possession for more than seven years, he would still not be entitled to recover. He did not claim title in himself. If he was in possession at all, it was not in his own right but in the right of Rhody Carter whom he claimed to represent, and his possession, if it ever ripened into a prescriptive title, enured to the benefit of Rhody Carter and did not authorize a suit by him in any capacity, but would have authorized a suit by Rhody Carter only. There was no error in any of the rulings complained of.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*