## COX *v.* McDONALD, executrix.

1. Rule 42 of the superior courts applies only to a copy of "a deed or other instrument between the parties litigant."
2. A certified copy from the registry of a duly recorded deed, not between the parties litigant, is admissible in evidence when the court is satisfied of the loss or destruction of the original; and the sufficiency of the evidence in this regard is within the discretion of the court.
3. There was no abuse of discretion in refusing to admit a certified copy from the registry of a recorded deed, not between the parties litigant, when the only showing as to the loss or destruction of the original was an affidavit by one of the parties that the original was not in the possession, power, or custody of the affiant, and that the affiant believed it had been lost or destroyed.

Submitted June 12, — Decided August 12, 1903.

Ejectment. Before Judge Dart. Ware superior court. November 3, 1902.

Cited by counsel, in addition to citations appearing in the opinion of the court: Civil Code, §§ 5164, 5167, 5174, 5219, 5239, 5240; 1 Gr. Ev. § 558; *Georgia Reports:* 26/582; 30/391; 53/685; 70/86(6); 81/93; 103/435; 114/171.

*J. L. Sweat,* for plaintiff.    *John C. McDonald,* for defendant.

SIMMONS,. C. J.    Upon the trial of an ejectment suit the court granted a nonsuit, the plaintiff being unable to proceed because of the rejection of certain evidence.    The plaintiff sued out a bill of exceptions complaining of the rejection of this evidence.    The evidence excluded consisted of certified copies from the registry of two duly recorded deeds which constituted links in the title the plaintiff sought to establish.    To these deeds neither the plaintiff nor the defendant was a party.  · " In connection with said certified copy deeds plaintiff offered as a foundation therefor an affidavit duly sworn to by her, . . stating her belief of the loss or destruction of the originals of said certified copy deeds, and that said originals were not in her possession, power, or custody."    Upon objection that no sufficient foundation had been laid, the court excluded the copies from evidence.

1.    The controlling question in this case is whether rule 42 of the superior courts (Civil Code, § 5673) is applicable.    That rule is as follows: " Whenever a party wishes to introduce the copy of a deed or other instrument, between the parties litigant, in evidence, the oath of the party stating his belief of the loss or destruction of the original, and that it is not in his possession, power, or custody, shall be a sufficient foundation for the introduction of such secondary evidence."    The clause "between the parties litigant" seems susceptible of but one construction.    It is referable to the words "deed or other instrument."    It does not mean that a copy of a deed or other instrument may be introduced *in evidence between the parties*; but that the rule relates to *instruments between the parties.* This view is confirmed by the fact that no such clause is to be found in rule 43, which relates to grants from the State; for if the clause is used as qualifying "deed or other instrument," it would clearly be inapplicable to grants from the State, while if it is used in the other sense, it could appropriately have been repeated in rule 43.

Giving to the words used their ordinary meaning and applying the established rules of grammatical construction, rule 42 is clearly restricted to cases where the lost deed or instrument is one " between the parties litigant." This is not a doubtful question, but even if it were, the doubt should be resolved in favor of the construction which limits the application of the rule ; for the rule substitutes for the strict common-law practice one which is very easy and somewhat loose, and its provisions should not be extended to cases not clearly within them. Under the act of December 24, 1821, the judges of the superior courts were required to meet and establish rules of practice. These rules, when not in conflict with the constitution or laws of this State or of the United States, "are binding and must be observed." Civil Code, § 4044. Rules 42 and 43, above discussed, appear in *Dudley's Reports*, p. XIX, rules 52 and 53, as having been established prior to the publication of that volume of reports in 1837. · They were continued without change by the conventions of 1846 (Hotchkiss, pp. 942, 949; 2 *Ga.* 475, rules 50, 51), 1869 (38 *Ga.* 673, 681, rules 42, 43), 1879 (Code of 1882, p. 1351, rules 42, 43), and 1893 (Civil Code, §§ 5673, 5674). The rules adopted in 1893 have not since been changed and are still of force.

This court has never passed upon the question presented in this case, though rule 42 itself has been referred to in a number of cases. In the case of *Ratteree* v. *Nelson*, 10 *Ga.* 439, the question was as to whether the substitution in the showing of the word "control" for the word "possession," in the rule, was material. Diligent search was shown, and no question was made as to the application of the rule to the deeds of which copies were offered in evidence. The same is true of *McDowell* v. *Irwin*, 32 *Ga.* 39, except that there the word "control" was substituted for "custody." In *Smith* v. *Atwood*, 14 *Ga.* 402, the lost instrument was an agreement between the defendant and the deceased husband of the plaintiff. This had been lost or mislaid by the defendant while in another State, and, after diligent search, he could not find it. The objection assumed that the rule was applicable, and was on the ground that the showing did not come up to the requirements of the rule: It was decided that the showing was a substantial compliance with the rule, and that the judge did not err in admitting the copy. In *Eady* v. *Shivey*, 40 *Ga.* 684, it was shown that

diligent search had been made for the original deeds, and the question was as to the sufficiency of the showing that they had existed. The court ruled that the existence and genuineness, as well as the contents, of the originals were proved by the production of copies from the record of the duly recorded originals. In *Williams* v. *Moore*, 68 *Ga.* 585, it was held that the showing did not come up to the rule, and the admission of the copy deed was affirmed on another ground. What was said in that case as to the requirements of the rule and its application was not authoritive; and it should not be accepted as even persuasive, for in quoting the rule Judge Crawford entirely omitted the clause " between the parties litigant," showing that its effect was not considered. This clause seems not to have been considered by the court in any of these cases, and there is nothing in them which constrains an interpretation contrary to the language and clear meaning of the rule itself. Except as. to deeds or other instrument between the parties litigant, the rule has no application, and the sufficiency of the showing for introducing secondary evidence must be determined by common-law principles, except in so far as they may have been changed or modified by other rules of the superior courts or by legislative enactment.

2. Our Civil Code, after declaring that a registered deed shall be admissible in evidence without further proof, provides (§ 3630): " If the original deed be lost, a copy from the registry, if duly recorded, shall be admitted in evidence whenever the court is satisfied of the fact of loss or destruction; and to this fact the party may be a witness." In the light of this provision, it may be said, with reference to the cases cited above, that, where the copies offered in evidence were those of duly recorded deeds and such copies were admitted by the court, the rulings could be affirmed on the ground that, whether rule 42 applied or not, the judge was satisfied with the showing made and the copies were admissible under section 3630. This section and rule 42 are, however, essentially different. The latter can not be taken as a declaration of what should satisfy the judge under the former, even if there were no express restriction of the rule to deeds or instruments between the parties; for the code section applies to registered deeds only, while the rule embraces also unrecorded deeds and other instruments without regard to record. The code section states the

common-law practice as modified by the registry laws and by the acts of the General Assembly giving authenticity to properly certified copies of duly recorded deeds. We therefore hold, that, in order to lay the foundation for the introduction in evidence of certified copies of duly registered deeds, not between the parties litigant, it is necessary to comply with the requirements of the code section, and, further, that the rule above cited has no application.

3. In the present case the deeds claimed to have been lost or destroyed had been duly recorded, but they were not between the parties litigant. They were links in the plaintiff's chain of title, with which the defendant appears to have had nothing to do. Even the plaintiff was not a party to either of the deeds. The only showing made was a formal affidavit in the terms of rule 42 of the superior courts and the production of certified copies from the record. The showing being made by affidavit, there was no opportunity for cross-examination, and there was no evidence whatever as to any search or inquiry for the originals. There was nothing to indicate the grounds of the affiant's belief that the originals had been lost or destroyed. With this showing the trial judge was not satisfied, and this court can not say that, in excluding the copies, he abused the discretion vested in him by the code.                    *Judgment affirmed.. By five Justices.*