## LOWE *v.* THE STATE.

1. The statement made to witnesses by the defendant showed, in substance, that a conspiracy was formed between him and another to commit a murder; that in pursuance of that conspiracy they went to the place where the person against whom the plot was made was to be found; that the other conspirator did the actual killing while the defendant was present or near by for the purpose of keeping watch to enable the murder to be successfully committed. *Held,* that such a statement amounted to a confession of being guilty as a principal in the second degree. It was properly admitted in evidence, and there was no error in charging on the law of confessions.
2. Where one accused of a crime made a confession on more than one occasion, each confession may be proved.
3. Where one such confession was taken down in stenographic characters by a stenographer and afterwards transcribed into longhand, and he testified that such paper contained an accurate transcription of the confession orally made by the accused in his presence, the paper was admissible, and was not subject to the objection either that it was hearsay evidence or that it deprived the defendant of the right to be confronted with the witnesses against him.
4. Where principals in the first and second degree are punished alike, no distinction between them need be made in the indictment.
5. There was nothing in any of the other grounds of the motion for a new trial which requires a reversal.

Submitted February 19,—Decided March 23, 1906.

Indictment for murder. Before Judge Felton. Bibb superior court. January 17, 1906.

Henry Banks and Cornelius Lowe were jointly indicted for the murder of Will Russell. They were tried separately. On the trial of Lowe the corpus delicti was proved, and it was shown that the defendant made a statement or confession orally, and that afterwards he repeated substantially the same thing in the presence of a stenographer, who took down the statement stenographically and subsequently transcribed it in longhand. The confession was elaborate and rambling, but the substance of it was, that Banks had entered into an arrangement with the defendant to accomplish the death of Will Russell; that Banks was to do the actual killing, while Lowe was to keep watch; that they went to the place where Russell was at work, and that this arrangement was carried out, Banks doing the actual killing, using both a pistol and an axe,. while Lowe remained near by, keeping watch; that Banks took from the body of the murdered man a pistol and .other property, and subsequently gave the pistol to Lowe for his part in the transaction. There was evidence showing that he attempted to pawn the pistol; that the axe used was found where he said it was thrown, and that Banks pawned a pistol, and his mother afterwards had the watch which had belonged to the deceased. After a verdict of conviction the defendant moved for a new trial, which was refused, and he excepted.

*John R. Cooper,* for plaintiff in error.

*John C. Hart, attorney-general,* and *William Brunson, solicitor-general,* contra.

LUMPKIN, J. (After stating the foregoing facts.)

1. While the statement made by the defendant contained certain expressions to the effect that he did not do the killing, and was long, rambling, and full of immaterial details, the substantial effect of it was, that he entered into a conspiracy with Banks to kill Russell, and that Banks did the actual killing, while he remained at a short distance away, keeping watch. In other words, it was a confession that Banks was a principal in the first degree, while he was a principal in the second degree. There was, therefore, no error in admitting it as a confession, or in charging on the law of confessions. The defendant made his confession first orally in the presence of one or more witnesses, and afterwards repeated it in the presence of a stenographer, who took it down in stenographic characters and transcribed it into ordinary writing. Both the original oral con-

fession and the written statement were introduced in evidence, the stenographer testifying that the writing was a correct reproduction by him of what the defendant had said. Both of these were objected to because they did not amount to a confession. The oral confession was also objected to because the writing was the best evidence; and the writing was objected to because it was only hearsay, and because its admission would deprive the defendant of his right to be confronted with the witnesses and to cross-examine them. These were substantially the objections made, though several grounds of objection were stated. The court properly overruled them. If a defendant makes a confession at two different times, both confessions may be proved. Where his statement was reduced to writing by a stenographer who testified that the paper offered in evidence contained an accurate reproduction of what he had said, the stenographer himself being on the stand and subject to cross-examination, the admission of the written paper did not deprive the defendant of his right to be confronted with the witnesses against him.

The motion for a new trial raised the point, both by exception to the refusal to give requests in charge and by objection to charges which were given, that since the indictment charged the defendant as one of the perpetrators of the crime of murder, he could not be convicted if the evidence showed him to be only a principal in the second degree, and not the actual slayer. A principal in the second degree, except where it is otherwise provided, receives the same punishment as the principal in the first degree. Penal Code, §43. Principals in the first and second degree guilty of the crime of murder are punished alike, and no distinction between them need be made in the indictment. Both may be indicted for murder and may be convicted under such an indictment, although one may be shown to have been the actual slayer, while the other was a principal in the second degree, who had conspired with him and was keeping watch or guard close by while the homicide was being committed. *Leonard* v. *State, 77 Ga.* 764; *Collins* v. *State, 88 Ga.* 347; *Morgan* v. *State, 120 Ga.* 294; *McWhorter* v. *State,* 118 *Ga.* 55; Penal Code, §42. There were other objections to certain parts of the charge, but none of them were well taken. The motion for a new trial was properly overruled.

*Judgment affirmed. All the Justices concur.*