*J. C. Edwards & Sons,* for plaintiff.

*I. H. Sutton* and *McMillan & Erwin,* for defendants.

---

BALLENGER et al. v. BURTON.

HILL, J. 1. A trust deed executed in 1873, conveying certain described land, contained the following in the habendum clause: "To have and to hold the aforegranted premises to said Robert A. Ballenger, his heirs and assigns, in trust nevertheless for the sole and separate use of the said Georgia A. Ballenger, wife of said Robert A. Ballenger, for and during her natural life, and at her death to such children as she may leave living at the time of her death, share and share alike; and if she shall die leaving no child or children at the time of her death, then to said Robert A. Ballenger, or, if said Robert A. Ballenger shall die before said Georgia A. Ballenger, to her heirs at law; with power to said Georgia A. Ballenger to empower the said Robert A. Ballenger, by writing under her hand, to sell any part or the whole of said trust estate and to reinvest the proceeds in such other property, subject to

the above-described trust, as he shall deem most for the interest of said trust estate," etc. In accordance with the power contained in the deed the trustee, empowered by the life-tenant, sold the land granted and reinvested the proceeds in certain other land, subject to the above-described trust. Subsequently the life-tenant consented in writing for the trustee to sell the land purchased with the proceeds of the sale of the first land. The life-tenant died on March 10, 1902, leaving surviving her her husband, the trustee, and nine children, including plaintiffs in error (C. L. Ballenger and R. D. Ballenger), who brought ejectment for the recovery of the land on March 13, 1915, within seven years after becoming of age, against the successor in title of the grantee in the second conveyance made by the trustee and the life-tenant. The other remaindermen had attained their majority more than seven years prior to the filing of the suit. The defendant pleaded the general issue; and "adverse, open, peaceable, and notorious possession" of the land sued for, for more than twenty years under color of title and a claim of right. On the trial of the case the court directed a verdict for the defendant, and the plaintiffs excepted. *Held:*

1. The original trust deed created in Georgia A. Ballenger, the daughter of the grantor, a life-estate only, with a legal remainder in such children as she left living at the time of her death, share and share alike. *Fleming* v. *Hughes*, 99 *Ga.* 444 (27 S. E. 791); *Tillman* v. *Banks*, 116 *Ga.* 250 (42 S. E. 517).

(*a*) Under the deed the trustee represented only the life-estate, and not the remainder interest. *Fleming* v. *Hughes*, supra.

2. Under the act of 1866, known as the married woman's act, the trust became executed immediately upon the delivery of the deed; but this did not extinguish the power of sale conferred on the trustee, when empowered by the wife, of selling the life-estate. See *Heath* v. *Miller*, .117 *Ga.* 854 (44 S. E. 13).

(*a*) The power was to sell the trust estate, and the trust estate was only a life-estate.

3. The language contained in the original trust deed, empowering the trustee to sell the "trust estate" in the manner prescribed, is broad enough to confer the power to sell the interest of the life-tenant in the land in which he had reinvested the trust fund. This being so, and the trustee having exercised the power of sale in conformity with the requirements of the trust deed, the purchaser at the second sale and his successors acquired title to a life-estate only in the lands in controversy.

4. Actual adverse possession of lands under color of title for twenty years will give title by prescription against every one, except the State and persons laboring under disability. Civil Code, §§ 4168, 4164.

5. The remaindermen under the original trust deed, except the plaintiffs in error, attained their majority more than seven years prior to the filing of the present suit. Accordingly, only the plaintiffs in error have brought their action in time.

6. The court erred in directing a verdict for the defendant.

*Judgment reversed. All the Justices concur.*

MAY 15, 1917.

Ejectment. Before Judge Patterson. Cobb superior court. March 14, 1916.

*Astor Merritt, Richard B. Russell,* and *Holbrook & Corbett,* for plaintiffs.

*N. A. Morris, G. D. Anderson,* and *J. G. Roberts,* for defendant.