## CURRY *v.* THE STATE.

Where, on the trial of one indicted for murder, the three grades of homicide, murder, voluntary manslaughter, and justifiable homicide, are involved, a charge of the court defining malice as an essential ingredient in the crime of murder, as follows: "Malice in law is the unlawful intent to take human life; that is all it is," is error, requiring a new trial.

No. 2278.    December 15, 1920.

Indictment for murder. Before Judge Hardeman. Toombs superior court. October 8, 1920.

*Giles & Sharpe* and *Lawrence & Abrahams,* for plaintiff in error.

*R. A. Denny, attorney-general, Waller F. Grey, solicitor-general, Graham Wright,* and *Lankford & Rogers,* contra.

George, J. Lee Curry was indicted, tried, and convicted of the crime of murder. His motion for new trial was overruled, and he excepted

Under the evidence and the defendant's statement the three grades of homicide, murder, voluntary manslaughter, and justifiable homicide, were involved. The court instructed the jury on the subject of voluntary manslaughter. In one ground of the motion for new trial error is assigned upon the following charge of the court to the jury: "Malice in law is the unlawful intent to take human life; that is all it is." The charge excepted to was a part of the charge which dealt with malice as a necessary ingredient in the crime of murder. Under our Penal Code one may unlawfully intend to kill another and such killing may be only voluntary manslaughter. The killing of a person upon premeditation, however brief, is one thing; the killing of a person in response to the promptings of an overmastering passion is another thing; the one is murder, the other voluntary manslaughter, though in each case the killing was both unlawful and intentional. In *Dowdy* v. *State,* 96 *Ga.* 653 (23 S. E. 827), exception was taken to the following charge: "Malice does not necessarily consist in ill-will or hatred; malice may exist without ill-will or hatred; and whenever there exists in the mind of the person that kills another one, but for one moment, an unlawful intention to take human life, if that unlawful intention exists for any length of time, it constitutes malice. If a person kills another with an unlawful intention in his mind, and is not justified under the principles of law which I will further give you in charge, he would be guilty of murder." In that case, as in this, three questions were involved — whether the accused was guilty of the offense of murder, voluntary manslaughter, or whether the homicide was justifiable. The charge was held to be error requiring a reversal, although the court expressly instructed the jury that "If a person kills another with an unlawful intention in his mind, and is not justified under the principles of law which I will further give you in charge, he would be guilty of murder." In the instant case the charge excepted to is followed by the following instruction: "If, in the mind of the slayer, there is at the time an unlawful intent to take human life, and that intent is present at the time a fatal shot is fired, or a fatal blow delivered, and a man takes human life unlawfully intending to take it, then I charge you that the offense is murder and nothing else." Under the defendant's statement the deceased and the accused were engaged in a mutual combat, with deadly weapons.

47

His main, if not his only defense was that the killing occurred in a mutual combat, and without malice. In such circumstances the charge excepted to must be held to be error, requiring a new trial. In *Jones* v. *State, 29 Ga.* 594, 607, Judge Stephens, speaking for court, said that "The legal idea of malice in the crime of murder is, simply an intent to kill a human being, in a case where the law would neither justify nor in any degree excuse the intention, if the killing should take place as intended." This definition of legal malice was expressly approved in *Taylor* v. *State, 105 Ga.* 746 (2) (31 S. E. 764). As was pointed out in *Mann* v. *State, 124 Ga.* 760, 766 (53 S. E. 324, 4 L. R. A. (N. S.) 934), it was admitted by counsel in the *Taylor* case that the charge of the court stated a correct principle of law, and this court concurred in this view. In the *Mann* case the charge excepted to was as follows: "Legal malice is an intent unlawfully to take away the life of a fellow-creature, in a case where the law would neither justify nor to any degree excuse the intention, if the killing should take place as intended." It was held that this charge was not erroneous, and that properly construed the charge amounted to an instruction that "Legal malice is the intent unlawfully to take human life where the law neither mitigates nor justifies the killing." In *Worley* v. *State, 136 Ga.* 231 (2) (71 S. E. 153), it was said that it would have been more apt to use the word "mitigate" in lieu of the expression "in any degree excuse," as the word "excuse" was employed elsewhere in the charge in that case in other senses than that of mitigation. See also *Nunn* v. *State, 143 Ga.* 451 (3), 454 (85 S. E. 346). Although the court in the instant case furnished to the jury correct instructions on the law of voluntary manslaughter, his definition of legal malice can not be construed as a charge to the effect that legal malice is the intent unlawfully to take human life in cases where the law neither mitigates nor justifies the killing. If the jury believed the defendant's statement, they would have been authorized to find the defendant guilty of voluntary manslaughter, although the homicide was both intentional and unlawful. The charge of the court, except as indicated above, was not erroneous for any of the reasons assigned.

It is insisted that the evidence for the State failed to establish the venue of the alleged crime. This question is not likely to arise

upon another trial of the case; hence no ruling is made upon that assignment of error.

*Judgment reversed. All the Justices concur.*