## PEARSON *v.* FOX.

GILBERT, J. 1. The court did not err in directing the verdict in favor of the plaintiff for a one-half undivided interest in the land. As against the plaintiff, the defendant's title depended upon the validity of a sheriff's deed to a predecessor in the chain of title. The sheriff's deed was void, because the fi. fa., in virtue of which the sale was had, was dormant, and hence could furnish no authority for such sale.

(a) The fi. fa., issued on February 1, 1859, and levied on September 30, 1875, was dormant even when the dormancy statute is considered as tolled by reason of the acts known as the stay laws, from November 30, 1860, to July 21, 1868.

(b) The levy was excessive, and for that reason void. The fact that the sheriff held other fi. fas. in his hand, not levied, can not be considered on the question whether or not the levy was excessive. *Richards* v. *Edwardy,* 138 *Ga.* 694 (76 S. E. 64).

(c) The court did not err in refusing to admit in evidence other fi. fas., such as above mentioned. They were inadmissible because immaterial, and also because they were dormant at the time of the levy.

(d) The will did not appoint a trustee for the property, either as to the life-estate or the remainder. The testator died in 1854. In 1859 the court passed the following order: "Ordered that Stephen Pearson be and he is hereby appointed trustee for the property bequeathed to the sole and separate use of Georgia Ann Thomas during lifetime, and after her death to her children." This order did not appoint a trustee for the remainder interest. *Ballenger* v. *Burton,* 147 *Ga.* 5 (92 S. E. 514). The life-estate which had been devised did not terminate until 1924; and it is well settled that prescription does not begin to run against the remainder interest until the expiration of the life-estate.

Therefore the court did not err in refusing to submit to the jury the question of prescription.

2. In view of the entire evidence, the judgment refusing a new trial will not be reversed because of the complaint that the defendant was not liable for rents and profits for the year 1924, the year in which the life-tenant died.    *Judgment affirmed. All the Justices concur.*

No. 6722.   December 11, 1928.

*G. L. Dickens* and *Allen & Pottle,* for plaintiff in error.
*T. M. Hunt* and *B. J. Fowler,* contra.