# MINCEY *v.* THE STATE.

No. 12577.   November 16, 1938.   Rehearing denied December 3, 1938.

288

*Wilson, Bennett, Pedrick & Bennett,* and *J. B. Moore,* for plaintiff in error.

*M. J. Yeomans, attorney-general, John S. Gibson, solicitor-general, Ellis G. Arnall,* and *Emil J. Clower,* contra.

GRICE, Justice. ■ The first of the two grounds of the amendment to the motion for new trial avers that the court committed error in admitting in evidence, over objection, what purported to be a signed confession of the accused. The brief of evidence shows that T. L. Lee, a witness for the State, testified as follows: "I have seen this paper before. It is a statement made by Sam Mincey with reference to the killing of Oliver Strickland. I was present when that statement was made and dictated to Mr. Summerall; it was made freely and voluntarily, and without reward or the hope thereof, or for the fear of punishment upon the part of Sam Mincey. It contains the statement with regard to the killing that he made that night. When the statement was made, Mr. Summerall, the stenographer, Mr. Gibson, one or two other officers, and myself were present. It was about nine o'clock at night. Sam was brought from the jail. No inducement or threats or embarrassment was used to get him to sign that statement. He couldn't sign his name; he had to sign it by mark." Thereafter the writing, shown in the statement of facts, was introduced in evidence. True, as stated in the brief of counsel for plaintiff in error, the record fails to show, in so many words, who "dictated" it; but the witness Lee testified: "It is a statement made by Sam Mincey [the accused] with reference to the killing of Oliver Strickland." We think that the position of his counsel that "There is no evidence to show that it was properly transcribed, or that it was read to the defendant, or

that he knew its contents," affords no reason why it should not have been admitted in evidence. In *Riley* v. *State,* 180 *Ga.* 869 (2) (181 S. E. 154), it was ruled that a confession reduced to writing and sworn to by the accused is admissible in evidence, when made freely and voluntarily. In *Lowe* v. *State,* 125 *Ga.* 55 (3) (53 S. E. 1038), it was held: "Where one such confession was taken down in stenographic characters by a stenographer and afterwards transcribed into longhand, and he testified that such paper contained an accurate transcription of the confession orally made by the accused in his presence, the paper was admissible, and was not subject to the objection either that it was hearsay evidence or that it deprived the defendant of the right to be confronted with the witness against him." Counsel in his brief says: "The question in this case is, who dictated the confession? Was it transcribed correctly? Was it read to the defendant? If not, why not?" It is fairly inferable from the questions propounded to the witness Lee, and his answers, as the same appear in the motion itself, that the statement was made by the accused and dictated to Mr. Summerall (the court reporter), that it was read over to the accused, and he authorized it to be signed by his mark; because the testimony is that he said it was correct. It is not shown that the court erred in admitting it.

The remaining ground is that the judge charged the jury as follows: "Legal malice is not necessarily ill will or hatred. It is an unlawful intention to kill without justification or excuse, which intention must exist at the time of the alleged killing." The criticism is that the word "excuse" was used instead of "mitigation." The point here made must be ruled adversely to plaintiff in error, on the authority of the case of *Worley* v. *State,* 136 *Ga.* 231 (2) (71 S. E. 153). It was there ruled: "A charge defining legal malice to be 'an intent to kill a human being in a case where the law would neither justify nor in any degree excuse the intention, if the killing should take place as intended,' did not require a new trial, although it would have been more apt to have used the word 'mitigate' in lieu of the expression 'in any degree excuse,' as the word 'excuse' was employed elsewhere in the charge in other senses than that of mitigation." The case last cited is not a solitary authority on the issue here made. It is in harmony with previous expressions of this court in *Jones* v. *State,* 29 *Ga.* 594, 607; *Tay-*

*lor* v. *State,* 105 *Ga.* 746 (2) (31 S. E. 764) ; *Pope* v. *State,* 150 *Ga.* 703, 704 (105 S. E. 296) ; *Curry* v. *State,* 150 *Ga.* 736, 738 (105 S. E. 361).

■ The verdict was warranted by the evidence.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Atkinson, P. J., who dissent.*