DEERING *v.* THE STATE.

No. 15677. JANUARY 8, 1947.

*Duke Davis* and *Horace E. Richter,* for plaintiff in error.

*Eugene Cook, Attorney-General, L. M. Wyatt, Solicitor-General,* and *Rubye G. Jackson,* contra.

HEAD, Justice. (After stating the foregoing facts.) ■ The first three amended grounds of the motion for new trial complain of portions of the charge of the court upon a confession alleged to have been made by the defendant. No objection is made to the

charge as an abstract principle of law, but it is claimed that the evidence did not show that the defendant had made a confession, but, at most, showed only an incriminatory admission, and that it was error to charge on the law of confessions.

W. B. Scarbrough, an officer of the City of LaGrange, testified in part as follows: "I did have a conversation with this defendant on trial. He did make a statement to me about it. . . He said that Ralph McDonald hit the man, and he got the money and gave the money back to Ralph, and Ralph divided it with them." The defendant insists that the statement simply says that McDonald hit "the man," not naming him, and the defendant got the money and gave it *back* to McDonald, thus inferring that McDonald had the money and he merely gave it back to him.

The officer in this testimony was not attempting to give a verbatim report of the statement made by the defendant, but was giving the substance of the statement in his own words. Reading his testimony as a whole, we must conclude that "the man" whom he speaks of was the man who was robbed, Ocie Smith. The natural inference of the statement is that, when the codefendant, Ralph McDonald, hit the man, the defendant took the money from the person of Ocie Smith, and then gave it to McDonald, who later divided it.

However, even should this statement be construed as meaning that McDonald hit Smith over the head and took the money from him, the statement at least showed that the defendant was "present, aiding and abetting the act to be done;" and his statement, even if construed as the defendant suggests, would amount to a confession, in that it would show that he was guilty as a principal in the second degree (Code, § 26-501) of the crime of robbery by open force or violence, and there was no error in charging the law on confessions. *Lowe* v. *State,* 125 *Ga.* 55 (53 S. E. 1038).

■ Objection is made, in the fourth amended ground of the motion for new trial, to the following portion of the court's charge: "He says he is not guilty of robbery, that he did not take anything from the prosecutor. Well, of course, if that is the truth about the transaction, he is not guilty of any offense and should be acquitted." The use of the words, "Well, of course," in this portion of the charge is claimed to be erroneous for the reasons that in no other part of the charge did the court refer to the contentions of

the defendant, and the use of the words quoted tended to create in the minds of the jury the impression that the contentions of the defendant should be treated lightly and not with the same weight and force as the contentions of the State.

A study of the charge as a whole shows that the judge made a full and fair statement of the law applicable to the case. We do not think that the use of the words, "Well, of course," had the effect of causing the jury to believe that he lightly considered the contentions of the defendant. It was merely a manner of expression by the court, and not prejudicial to the defendant. Compare *Mallary* v. *State*, 156 *Ga*. 597 (5) (119 S. E. 636).

*Judgment affirmed. All the Justices concur.*