## 18323. HARRISON v. DURHAM.

DUCKWORTH, Chief Justice. 1. While the plaintiff here failed to show title back to a common grantor with the defendant under the rule laid down in *Sinclair* v. *Friedlander,* 197 *Ga.* 797 (30 S. E. 2d 398) or back to the original grant from the State, as the plaintiff in error contends—he, nevertheless, showed a chain of title for more than forty years with proof of possession under color of title and claim of right for that period of time, and this was sufficient to make a prima facie case in ejectment. *Davis* v. *Stripling,* 32 *Ga.* 656; Code §§ 85-406, 85-407; *Camp* v. *Cochrane,* 71 *Ga.* 865; *Ballenger* v. *Burton,* 147 *Ga.* 5 (92 S. E. 514); *Mitchell* v. *Crummey,* 134 *Ga.* 383 (67 S. E. 1042). For the reason stated above the court did not err in overruling the motion for non-suit, in allowing the chain of deeds in evidence, and in failing to charge the jury that the plaintiff must prove title back to a common grantor or back to the original grant from the State. Under the foregoing ruling, the exception pendente lite and special grounds 1 through 17, and 20, complaining thereof, are without merit.

2. The court did not err in allowing in evidence certain certified copies of deeds, objected to because the proper foundation for secondary evidence was not properly laid. The discretion of the trial judge in determining the sufficiency of the foundation shown is very broad, and this discretion can not be controlled unless it be shown that he grossly abused that discretion. Code §§ 29-417, 38-609; *Hayden* v. *Mitchell,* 103 *Ga.* 431 (30 S. E. 287); *Cox* v. *McDonald,* 118 *Ga.* 414 (45 S. E. 401); *Patterson* v. *Drake,* 126 *Ga.* 478 (55 S. E. 175). There being some evidence on which the judge based his discretion here, it can not be said that he abused it in admitting these copies, particularly since the deeds in question were more than forty years old, and the plaintiff testified at length as to the diligent search made to find the original deeds without success. See *Hayden* v. *Mitchell,* supra; Powell, Actions for Land, p. 206, § 198. Nor did the court err in not excluding the evidence submitted by the plaintiff to show his inability to produce the original deeds. Special grounds 4 through 16, complaining of the admission of these copies in evidence, and special ground 25, complaining of plaintiff's testimony, are without merit.

3. The granting of an order of sale by the ordinary to an administrator is an adjudication that the applicant therefor was the administrator and authorized to make the sale, and it is not necessary to prove the letters of administration appointing the administrator, when such order, together with the administrator's deed, is used as a muniment of title. Powell, Actions for Land, 270, § 246; *Roberts* v. *Martin,* 70 *Ga.* 196; *Bunger* v. *Grimm,* 142 *Ga.* 448 (83 S. E. 200). The court did not err in admitting the order in evidence here for this reason, and there is no merit in special grounds 3 and 18 complaining thereof.

4. Nor did the court err in admitting the order in evidence for lack of description of the land to be sold. The description in the order of the court of ordinary is sufficient, since it specified the land to be sold so that its location could be determined by extrinsic evidence. *Hayes* v.

*Dickson,* 148 *Ga.* 700 (98 S. E. 345); *Crider* v. *Woodward,* 162 *Ga.* 743 (135 S. E. 95). There is no merit in special ground 3, complaining thereof.

5. That which is most material and certain in a description prevails over that which is less material and certain, and the description in the administrator's deed, which describes a vacant lot containing 4/5 of an acre in the Town of Brinson, Decatur County, Georgia, and by metes and bounds, prevails over the last phrase thereof which states "being the west half of said city lot." *Thompson* v. *Hill,* 137 *Ga.* 308 (73 S. E. 640); *Stewart* v. *Latimer,* 197 *Ga.* 735 (30 S. E. 2d 633). The deed conveys the entire lot described therein, and not the west half thereof as contended in special ground 19.

6. The court correctly charged the law of adverse possession under written color of title, and this portion of the charge is not subject to the various criticisms made in special ground 21, to wit: (1) mere possession of the property by the plaintiff and his predecessors in title would not authorize the plaintiff to recover, and (2) the court failed to charge that if the defendant had been in adverse possession under written evidence of title for seven years, his title would be superior to the plaintiff's and the jury should return a verdict for the defendant, the charge given being almost verbatim in the above language.

7. The exception to that portion of the court's charge on constructive possession, embodying the substance of Code § 85-404, upon the ground that the case did not involve a land-line dispute, is without merit. The record shows that this excerpt follows immediately a charge on prescriptive title and constructive possession; and, being a correct statement of law, it was necessary to prevent the jury from finding prescriptive title in violation of the statute if there was any evidence showing such adjacent owners; and, if there was no evidence as to adjacent owners, the charge could not possibly have been injurious to either party.

8. While there was no contention that the defendant's written evidence of title was forged or fraudulent, the charge complained of in special ground 23, which was, in substance, Code § 85-407, was a portion of the court's general charge on prescriptive title and a correct statement of the law which could not have been prejudicial to the defendant, whose possession under color of title must necessarily have been in good faith to ripen into title, and the charge was not harmful to the movant. Code § 85-407. See also *Jackson* v. *Sanders,* 199 *Ga.* 222 (33 S. E. 2d 711, 159 A.L.R. 638).

9. In the court's charge, after stating the contentions of the defendant, the words "of course" precede the instruction that, if the jury finds the contentions are sustained, the verdict would be for the defendant, and complaint is made of the words "of course." While these words were surplusage and need not have been used, nevertheless as used they did not intimate an opinion of the judge as to whether or not he lightly considered the contentions of the defendant, and special ground 24 is without merit. See *Mallary* v. *State,* 156 *Ga.* 596 (5) (119 S. E. 636); *Deering* v. *State,* 201 *Ga.* 756 (41 S. E. 2d 154).

10. The evidence was sufficient to support the verdict, and the general

grounds are without merit. It follows that the court did not err in denying the motion for new trial as amended.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 14, 1953—DECIDED OCTOBER 14, 1953—REHEARING DENIED NOVEMBER 12, 1953.

*J. C. Hale,* for plaintiff in error.

*Thomas A. Clark,* contra.

Robert H. Durham, the defendant in error (plaintiff in the court below) brought an action in ejectment in the fictitious form, alleging only one demise, against the real defendant, Mrs. Mallie W. Harrison, the plaintiff in error here. The defendant filed a general denial of the claims against her, and on the trial of the case contended that she held adverse possession of the land described in the petition, under written color of title. Numerous deeds, certified copies of deeds, and other documentary evidence, as well as the testimony of various witnesses were offered in evidence as to the possession and title of the parties claiming the land. A motion to grant a nonsuit was made by the defendant and overruled after the plaintiff rested his case, and the defendant excepted pendente lite. A verdict and judgment was rendered against the defendant, who then filed a motion for new trial which was later amended by adding some 25 special grounds. The motion for new trial, as amended, was overruled on each and every ground, and the bill of exceptions here is to this judgment and to the exception pendente lite previously filed.