27535.    FREEMAN et al. v. THE STATE.

HAWES, Justice. R. V. Freeman, Jr., Albert Alvin Twiggs and Jimmy Lee Durr, having been convicted of the offense of murder and of the offense of robbery,

appealed from the judgments of conviction and the sentences of life imprisonment on the murder count and two years imprisonment imposed on the robbery count on each of them.

1. The first ground of enumerated error complains of the refusal of the trial court to permit defense counsel to elicit an answer to a question propounded to the medical examiner, a witness for the state. The transcript shows that immediately following the sustaining of the state's objection to the question, counsel for the defense pursued a course of cross examination of this witness which elicited substantially the identical evidence apparently sought by the question objected to, though in a more roundabout and less direct manner. There was no objection to this testimony by the state, and even if the exclusion of the answer of the witness on the objection of the state was error, it was rendered harmless by the subsequent admission of testimony to the substantial effect as that sought to be elicited by the question objected to. *Curtis v. State,* 224 Ga. 870 (6) (165 SE2d 150). This ground of enumerated error is without merit.

2. The second ground of enumerated error complains because the court permitted to be read in evidence over the objection of the defendant Freeman a written statement amounting to a confession by him. The statement was unsigned. The transcript shows that the court conducted out of the presence of the jury a Jackson v. Denno hearing wherein the voluntariness of the statement was sufficiently established. One of the detectives who was present when the statement was given testified that it was an accurate transcription of the confession made by the defendant Freeman. The fact that the statement was unsigned and the fact that the stenographer who transcribed it was not present at the trial and did not testify as to its verity was not

ground for excluding it from evidence. *Lowe v. State,* 125 Ga. 55, 56 (53 SE 1038); *Morris v. State,* 228 Ga. 39, 43 (184 SE2d 82). This ground of enumerated error shows no cause for reversal.

3. The evidence was amply sufficient to show that the three defendants conspired to rob the victim, who, apparently, at the time was heavily under the influence of alcohol; that they got into the car of the victim with him and drove to a remote location where they beat him severely and robbed him of approximately $40; and, that the victim died several days thereafter from the effects of that beating. The verdicts of guilty as to each charge were authorized and the general grounds of the motion for new trial were properly overruled.

*Judgments affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 14, 1972 — DECIDED JANUARY 23, 1973.

*Atkins, Drew & Jones, Ben S. Atkins,* for appellant.

*Lewis R. Slaton, District Attorney, Morris H. Rosenberg, Joel M. Feldman, Carter Goode, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Assistant Attorney General, Thomas W. Greene, Deputy Assistant Attorney General,* for appellee.