## 57927. ROGERS v. THE STATE.

DEEN, Chief Judge.

Appellant was tried by a jury and convicted of burglary. He brings this appeal after the denial of his amended motion for a new trial.

1. The trial court did not err in denying appellant's request for a copy of his incriminating statement. Even if a defendant files a Brady motion for discovery, he is not denied a fair trial when the trial court denies such a request if he makes no showing of how his case has been materially prejudiced. *Tarpkin v. State,* 236 Ga. 67 (222 SE2d 364) (1976). In the present case, appellant did not file a Brady motion and has made no showing of how he was prejudiced by the introduction of his oral statement. The trial judge held a Jackson-Denno hearing and ruled that the statement was voluntarily given, and appellant was given ample opportunity to conduct a thorough and sifting cross examination of the witness.

2. It was not error for the interrogating police officer to read from notes he had taken when the appellant made an oral statement to him. No foundation is required as to a failing memory that requires refreshment as long as the witness swears positively that the words written were the

words spoken. *Smith v. State,* 235 Ga. 852 (221 SE2d 601) (1976). As the police officer testified under oath that "I wrote down what he told me, and I read back what he told me as I was instructed to read to the jury what I wrote down," we find no error.

3. After conducting a Jackson-Denno hearing, the trial court did not err in ruling that appellant's statement was voluntarily made and permitting it to be introduced in evidence. After reviewing the record, we find there was more than sufficient evidence to support the trial court's ruling. See *Jones v. State,* 146 Ga. App. 88 (245 SE2d 449) (1978).

*Judgment affirmed. Birdsong and Carley, JJ., concur. Shulman, J., not participating.*

SUBMITTED MAY 29, 1979 — DECIDED JUNE 19, 1979.

*Henry Ross,* for appellant.
*Glenn Thomas, Jr., District Attorney, Amanda F. Williams, Assistant District Attorney,* for appellee.