62265. SMITH v. THE STATE.

DEEN, Presiding Judge.

The appellant was indicted and convicted of burglary. The evidence showed that he was found under the wheel of a vehicle which fled on approach of the police, and that the two codefendants who had been with him were apprehended at a country grocery store while in the act of burglarizing it at about 1:00 a.m. on a Monday morning.

The two enumerations of error will be considered together. An arresting officer testified that an unsigned statement in the officer's handwriting had been written by him during an interview with the appellant, that the appellant, who had an eleventh grade education, had then read the writing, which the officer also read aloud to him at the same time, and that the appellant agreed that it was correct.

The defendant testified, admitting that, as stated in the memorandum, he had been driving, had been with the codefendants, and was waiting for them to come back from getting some beer. He also described the arrest in a manner congruent with the statement, but denied the codefendants had told him they were going to break into the store to steal the beer.

A written memorandum on which oral testimony is based has no present evidentiary value. *State Hwy. Dept. v. Godfrey,* 118 Ga. App. 560 (164 SE2d 340) (1968). It is, however, generally permissible to read from notes taken when the appellant gives an oral statement which is contemporaneously reduced to writing when the notes merely repeat what the appellant said. *Rogers v. State,* 150 Ga. App. 360 (258 SE2d 42) (1979). *Freeman v. State,* 230 Ga. 85 (2) (195 SE2d

416) (1973). Further, since the defendant in his testimony on the trial admitted all the facts contained in the statement it could not have been harmful to him. The real problem confronted is that there were *omitted* from the memorandum statements which the witness contended the defendant both told him at the time and later reiterated at the commitment hearing to the effect that he understood when the codefendants left they had the intention of breaking into the store and stealing the beer. These oral statements were denied by the defendant, and the credibility issue was therefore entirely for jury decision. If they believed that the statement included an admission that this defendant was waiting for his confederates to steal the beer and return with it he was a party to the crime and what he told the officer was a confession. Code § 26-801 (b) (3). If they chose to believe the defendant as to this part of the testimony it was at most an incriminating admission. Confronted with this dilemma the judge charged the jury as to "the law of statements or confessions" and referred to the "statement or confession" of the defendant, that such "statements or confessions" should be scanned with care and received with caution, etc.

The distinction between an incriminating statement or admission and a confession of guilt is whether it is one from which the jury could infer innocence; whether it is offered by the defendant as exculpatory or inculpatory; whether it is merely a subordinate fact from which the jury may or may not infer guilt. *Robinson v. State,* 232 Ga. 123, 126 (205 SE2d 210) (1974). Here the account of Smith's conversation with the officer as written by the officer, and as testified to by Smith, is an incriminating statement but lacks the force of a plenary confession because it is subject to the interpretation that Smith, although he was in his car waiting for his friends to "get some beer" at a little country store in the wee hours of a Sunday night, was innocent of knowledge that they intended to steal it. The police officer's oral testimony included a statement by Smith that he did know of this intention which, if believed by the jury, constituted a confession of guilt of being a party to the crime. Code § 26-801 (b) (3). In *Hill v. State,* 246 Ga. 402 (VI) (271 SE2d 802) (1980), the court gave a similar charge to the jury, instructing them on the law of confessions regarding "an alleged incriminating statement or confession if you find it to be so." The court held that the statement given in *Hill* did not amount to a confession, and the charge may thus have been error, but that it was under the circumstances harmless, given the collateral nature of the charge as well as the strength of the evidence. *Hill* also held that where at the conclusion of such an instruction the court inquired whether counsel had any objection to the charge as given, to which counsel replied that he had none, this constituted a waiver of

the right to enumerate error under *White v. State,* 243 Ga. 250, 251 (253 SE2d 694) (1979). The same question and the same response are contained in the record before us. We find no reversible error.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED SEPTEMBER 9, 1981.

*Wilton E. Stone, Jr.,* for appellant.

*H. Lamar Cole, District Attorney, Richard W. Shelton, Assistant District Attorney,* for appellee.

*Judgment affirmed. Banke and Carley, JJ., concur.*