## 63890. POLLOCK v. THE STATE.

BIRDSONG, Judge.

Appellant Ronald Eugene Pollock was convicted of child molestation and sentenced to twelve years, seven to serve. He enumerates the four errors below. *Held:*

1. Appellant contends the trial court erred in permitting a child witness (not the prosecutrix) to testify as to acts of the appellant for which appellant had been acquitted in an earlier trial. We find no error. Evidence of other acts of child molestation was admissible under the rule in *State v. Johnson,* 246 Ga. 654, 655 (272 SE2d 321) where the Supreme Court said: "Once the identity of the accused as the perpetrator of the offense separate and distinct from the one for which he is on trial has been proven, testimony concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct." What was admitted in this case was a child's testimony that appellant performed certain acts against her. The fact the appellant was tried for these criminal acts, and acquitted, does not make inadmissible the child's testimony that he performed these acts. His acquittal on that charge does not establish as a matter of law for any purpose that the child was untruthful in stating that appellant committed the acts, nor does his acquittal necessarily as a matter of law belie any other evidence offered against him at that earlier trial. His acquittal merely establishes that the state had failed to prove his guilt of the crime beyond a reasonable doubt according to legal standards. See esp. *Taylor v. State,* 174 Ga. 52 (7) (162 SE 504) which we follow. Thus we held in *Albert v. State,* 152 Ga. App. 708 (263 SE2d 685) and *Rivers v. State,* 147 Ga. App. 19 (248 SE2d 31) that evidence of an independent criminal act which first qualifies under the standard in *State v. Johnson,* supra, is admissible even where the defendant has been tried and acquitted of the earlier offense. We do not agree with appellant's contention that *Rivers,* supra, permits such evidence only "for the purpose of *identifying the accused* by showing a common motive, plan, scheme, bent of mind, or course of conduct," (emphasis supplied) and that since the identity of the accused in this case was not in issue, there was no basis for admission of the testimony which was, moreover, prejudicial. *State v. Johnson,* supra, held such evidence is admissible for showing motive, plan, scheme, bent of mind, and course of conduct as well as identity.

2. The appellant was not entitled to mistrial for remarks made by the state's attorney in argument concerning other acts of child molestation by appellant. These statements in argument were supported by the evidence in the case.

3. The trial court did not commit reversible error in permitting the witness' mother to testify that the prosecutrix told her appellant did the same thing to her (the prosecutrix) that he allegedly did to the witness. The evidence in this case was overwhelming. Appellant admitted molesting the prosecutrix in a statement to police and admitted at trial that he had molested four young girls in addition to the prosecutrix. All four females (one of whom, a niece, is now an adult) testified they had been molested as very young children by the appellant. The prosecutrix, age twelve, testified concerning several acts of molestation from an early age, including the two acts for which appellant was charged. Her testimony was corroborated by other evidence. It is highly probable that, even assuming any error in this case, such assumed error did not contribute to the judgment. To reverse this conviction would be a perversion of justice. *Hamilton v. State,* 239 Ga. 72, 77 (235 SE2d 515); *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869); *Cauley v. State,* 130 Ga. App. 278 (203 SE2d 239).

4. The state established that the offenses charged occurred within the statute of limitations; appellant's fourth enumeration is therefore without error.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED JUNE 29, 1982.

*Reginald C. Haupt, Jr.,* for appellant.
*Spencer Lawton, Jr., District Attorney, Cathy Aldridge, David T. Lock, Assistant District Attorneys,* for appellee.