66940. SAMPLES v. THE STATE.

CARLEY, Judge.

Appellant was tried before a jury and convicted of one count of child molestation and one count of aggravated sodomy. His motion for new trial was denied and he appeals from the judgments of conviction and sentences entered on the guilty verdicts.

1. The general grounds are enumerated. The evidence authorized the guilty verdicts. See generally *Quong v. State,* 157 Ga. App. 532 (1) (278 SE2d 122) (1981); *Giles v. State,* 143 Ga. App. 558 (1) (239 SE2d 168) (1977).

2. Appellant filed a motion in limine to prohibit the introduction of testimony concerning his commission of other acts of child molestation. The motion was denied and, at trial, two children were allowed to testify that appellant had molested them. The denial of the motion in limine and the admission of the testimony concerning other acts of molestation are enumerated as error.

The motion in limine was not erroneously denied. See *Gunthorpe v. Daniels,* 150 Ga. App. 113 (257 SE2d 199) (1979); *Ailstock v. State,* 159 Ga. App. 482 (1) (283 SE2d 698) (1981). The testimony concerning appellant's prior acts of molestation was not erroneously admitted. See *Walls v. State,* 166 Ga. App. 503 (1) (304 SE2d 547) (1983); *Pollock v. State,* 162 Ga. App. 757 (293 SE2d 38) (1982); *Sullivan v. State,* 162 Ga. App. 297 (291 SE2d 127) (1982); *Beldonza v. State,* 160 Ga. App. 647 (288 SE2d 37) (1981); *Phelps v. State,* 158 Ga. App. 219 (279 SE2d 513) (1981).

3. Appellant asserts that the victim and one of the two children who testified as to the prior acts of molestation were not competent to testify. Our review of the relevant portions of the transcript demonstrates that both children were shown to be competent witnesses. See generally *Bearden v. State,* 159 Ga. App. 892 (1) (285 SE2d 606) (1981). Compare *Pace v. State,* 157 Ga. App. 442 (278 SE2d 90) (1981).

4. Over a hearsay objection, the victim's teacher was permitted to testify as to certain voluntary and spontaneous statements made to her by the victim concerning appellant's acts of molestation. As related by the teacher, the victim's statements were made some hours after the event which was described therein. The testimony was admitted as being within the res gestae exception to the hearsay rule. Appellant asserts that the statements attributed to the victim were made at a time too far removed from the events described therein to qualify as a part of the res gestae.

In the latest pronouncement by the Supreme Court, it was held that "a trial judge's determination that evidence offered as part of the *res gestae* is sufficiently informative and reliable as to warrant being considered by the jury will not be disturbed on appeal unless that determination is clearly erroneous." *Andrews v. State,* 249 Ga. 223, 228 (290 SE2d 71) (1982). Applying the *Andrews* standard, we are unable to say that under the circumstances which existed in the instant case, the admission of the challenged testimony as part of the res gestae was clearly erroneous. *Hutter v. State,* 166 Ga. App. 608 (2) (305 SE2d 124) (1983).

5. Appellant's final enumeration of error concerns a remark made by the district attorney in his closing argument for the state. The transcript demonstrates that, after the remark was made, defense counsel objected and asked the court to instruct the jury to disregard it. The trial court did so and rebuked the district attorney for having made the comment. The district attorney then apologized to the court. No motion for mistrial was ever made.

"A sustained objection to an improper question, answer, or remark by opposing counsel without a motion for mistrial, will not

constitute grounds for reversal especially where the improper matter has been stricken with curative instructions. [Cits.]" *Williams v. State,* 151 Ga. App. 765, 769 (261 SE2d 487) (1979). If appellant was not satisfied with the action taken by the trial court in response to the objection, it was incumbent upon him to request further curative action. *Barksdale v. State,* 161 Ga. App. 155, 158 (4) (291 SE2d 18) (1982). His failure to do so precludes his complaint on appeal. *Delaney v. State,* 154 Ga. App. 772 (1) (270 SE2d 48) (1980).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JANUARY 31, 1984.

*David E. Perry,* for appellant.
*Thomas H. Pittman, District Attorney, Robert C. Wilmot, Assistant District Attorney,* for appellee.