## 71036. LEE v. THE STATE.
### (340 SE2d 658)

BEASLEY, Judge.

Defendant appeals his burglary conviction on federal constitutional grounds. Although in his enumeration of errors he charges also that the "Laws of the State of Georgia" were violated, he fails to point to any particular law in his enumeration or in his argument, and so we will consider that ground abandoned. *Green v. State*, 159 Ga. App. 28 (4) (283 SE2d 19) (1981). Of course, we may consider that he means the U. S. Constitution because it is the supreme law of the land and in that sense is part of the laws of this state as it is part of the laws of every state. *Carr v. State*, 176 Ga. 747, 750 (169 SE 201) (1933); *McDaniel v. Gangarosa*, 126 Ga. App. 666, 668 (1) (191 SE2d 578) (1972).

We make note that appellant has failed to raise any state constitutional claim, thus either ignoring the principles of federalism which would compel consideration of its application first[1] or believing that there are no provisions of the Constitution of Georgia which have been contravened by the errors complained of.

If both constitutions are properly raised, *Tenant v. State*, 151 Ga. App. 891, 894 (6) (262 SE2d 204) (1979); *Murphy v. Bank of Dahlonega*, 151 Ga. App. 264, 265 (3) (259 SE2d 670) (1979), then to be true to the federal concept of our American system of government, it would be our "judicial responsibility to determine the state's own law before deciding whether the [action] falls short of federal constitutional standards, . . ." *Salem College & Academy v. Employment Div.*, 298 Or. 471 (695 P2d 25) (1985).

As Justice Stevens chided the Supreme Judicial Court of Massachusetts in his concurring opinion in *Massachusetts v. Upton*, ___ U. S. ___ (104 SC 2085, 80 LE2d 721) (1984) (52 LW 3822, 3824):

---

[1] See Linde, "First Things First: Rediscovering the States' Bills of Rights," 9 University of Baltimore L. Rev. 379 (1980); Carson, " 'Last Things Last:' A Methodological Approach to Legal Argument in State Courts," 19 Willamette L. Rev. 641 (1983).

"The States in our federal system . . . remain the primary guardian of the liberty of the people. The Massachusetts court, I believe, ignored this fundamental premise of our constitutional system of government. In doing so, it made an ill-advised entry into the federal domain (by resting its decision on the federal constitution without stating whether the action complained of was valid as a matter of Massachusetts law)."

But we do not do so here because there is no call by appellant for it at all. And because our function as a court of review wisely precludes our sua sponte raising new grounds, we of course will not enlarge that function. *Velkey v. Grimes*, 214 Ga. 420 (105 SE2d 224) (1958); *Butler v. State*, 172 Ga. App. 405, 406 (1) (323 SE2d 628) (1984). This case differs in that regard from *Davenport v. State*, 172 Ga. App. 848, 850 (2) (325 SE2d 173) (1984) and *Andrews v. State*, 175 Ga. App. 22 (332 SE2d 299) (1985), in that in those cases, at least the Constitution of Georgia was mentioned by the appellant. We probably could have there ordered, like the court did in *State v. Jewett*, 146 Vt. 221 (500 A2d 233) (1985), 37 Cr. L. Rptr. 1084, that the two parties brief the state constitutional issue, but we did not do so.

We deal here, then, solely with a federal constitutional claim and wish to plainly say so as we should do. See *Michigan v. Long*, 463 U. S. 1032 (103 SC 3469, 77 LE2d 1201) (1983).

1. It is urged that defendant was prosecuted for a vindictive and retaliatory purpose. Originally, defendant contends, the state determined not to prosecute defendant and another suspect Powell. Defendant filed a civil lawsuit against the investigating officer who thereafter spoke with the assistant district attorney in charge of determining whether to seek an indictment. The prosecutor re-evaluated the situation and presented the matter to the grand jury which returned indictments against defendant and Powell. Just prior to trial, the cases against defendant and Powell were severed. The state had agreed for Powell to take a polygraph test and to stipulate the results. The state would not agree to that same arrangement with defendant. Powell passed the test and charges against him were dropped after appellant's trial. Defendant was tried and the jury found him guilty.

The record is devoid of any evidence or inference that the state entered into any agreement not to prosecute the defendant or did anything amounting to waiver. At most, there was an initial indication that the state would not prosecute. The defendant argues that the decision to prosecute was motivated solely by the action for damages he brought against the investigating officer.

On the hearing of the motion for new trial, the assistant district attorney testified for the state that, although the officer who investigated the case told him that the defendant had filed suit, this was not

a consideration in his decision to prosecute. His eventual determination was based on other factors such as the reliability and credibility of the sole eyewitness who was the principal witness for the state. The assistant district attorney also testified that the decision not to prosecute Powell was based on the fact that he had an alibi,[2] which led to the state's agreeing to stipulate to the results of a polygraph; then when Powell passed the test, charges against him were dismissed.

Whether to prosecute and what charge to bring before a grand jury are decisions that generally rest in the prosecutor's discretion. Nevertheless, selectivity in the enforcement of criminal laws is subject to constitutional constraints, the equal protection clause of the Fourteenth Amendment (*United States v. Batchelder*, 442 U. S. 114, 124-5 (99 SC 2198, 60 LE2d 755) (1979)), while the due process clause of the Fourteenth Amendment protects against vindictive exercise of the prosecutor's discretion. *Bordenkircher v. Hayes*, 434 U. S. 357, 360 (98 SC 663, 54 LE2d 604) (1978). The conscious exercise of selectivity in enforcement is not a federal constitutional violation if the selection is not deliberately based upon unjustifiable standards, as race, religion or other arbitrary classification. *Oyler v. Boles*, 368 U. S. 448, 456 (82 SC 501, 7 LE2d 446) (1962). Pursuit of a course of action designed to penalize one's reliance on a legal right is patently unconstitutional. *Bordenkircher*, supra at 363. For this reason, where there is actual or a realistic likelihood of vindictiveness in post trial proceedings, a presumption of prosecutorial vindictiveness is said to arise. *Blackledge v. Perry*, 417 U. S. 21, 27 (94 SC 2098, 40 LE2d 628) (1974).

*United States v. Goodwin*, 457 U. S. 368, 372 (102 SC 2485, 73 LE2d 74) (1982) declined to extend this presumption to a pre-trial setting. There it was explained that improper motivation is more likely in a post-trial situation, while during the pre-trial the assessment of the proper extent of the prosecution may not have crystallized. The majority opinion noted that a prosecutor should remain free before trial to exercise the broad discretion entrusted to him in determining the extent of the societal interest in the prosecution. "An initial decision should not freeze future conduct." *Goodwin*, supra at 382.

Applying these principles, there was no presumption that the prosecution of defendant was undertaken for a retaliatory purpose. The trial court was authorized in finding that the district attorney

---

[2] Both defendant and Powell were couriers for Pony Express. The defendant's route included the burglarized building, and his duties placed him at the building at the approximate time of the crime. Powell, who had previously trained under defendant on that same route, had a different route by the day of the offense and his time chart showed him to be at another location at the crucial time.

exercised lawful discretion in selecting the defendant for prosecution.

2. On cross-examination defense counsel asked the officer who investigated the crime about the civil law suit filed against him and introduced a copy into evidence. State's attorney, on redirect, inquired of the investigator "you have immunity from such frivolous suits of this sort?" and received an affirmative answer. Objection was interposed and sustained. No further corrective action was requested.

Defendant now contends this statement, without factual basis, was prejudicial.

"A mere objection which is sustained does not constitute a motion for mistrial." *Johnson v. State*, 158 Ga. App. 398, 399 (2) (280 SE2d 419) (1981). If the defendant was not satisfied with the trial court's action in response to the objection, "it was incumbent upon him to request further curative action." *Samples v. State*, 169 Ga. App. 605, 607 (5) (314 SE2d 448) (1984). No error was committed by the trial court in denying a new trial on this ground raised as a violation of the federal constitutional right to a fair trial.

3. It is argued that the prosecution wilfully withheld exculpatory information, i.e., that Powell had a documented alibi as to his presence elsewhere, which cast a shadow on the credibility of the state's eyewitness who had identified both defendant and Powell.

Appellant had this information and presented it during the trial in his defense. Powell testified he was not at the scene and did not see appellant that day. Moreover, appellant filed no pre-trial discovery motions pursuant to *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). In such circumstances, "the prosecutor will not have violated his constitutional duty of disclosure unless his omission is of sufficient significance to result in the denial of the defendant's right to a fair trial." *United States v. Agurs*, 427 U. S. 97, 108 (96 SC 2392, 49 LE2d 342) (1976). Appellant has the burden of establishing his defense was so impaired as to deprive him of a fair trial under *Brady. Wallin v. State*, 248 Ga. 29, 33 (6) (279 SE2d 687) (1981). He has failed to do so.

4. Insofar as defendant raises an issue regarding the cumulative effect of claimed individual errors (not reversible in their own right), there is no merit to such ground. *Haas v. State*, 146 Ga. App. 729, 734 (8) (247 SE2d 507) (1978); *Hess Oil & Chemical Corp. v. Nash*, 226 Ga. 706, 708 (177 SE2d 70) (1970). Nor do we perceive the denial of a fair trial in violation of the Fourteenth Amendment to the U. S. Constitution.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 7, 1986.

*Walter L. Fortson,* for appellant.
*Robert E. Wilson, District Attorney, R. Stephen Roberts, Barbara Conroy, Assistant District Attorneys,* for appellee.