## 44131. SOSEBEE v. THE STATE.
(357 SE2d 562)

BELL, Justice.

The appellant, Geary Alan Sosebee, was indicted on charges of sexually abusing his five-year-old daughter.[1] He moved in limine to exclude incriminating hearsay statements which had been made by his daughter, but the trial court denied his motion. We granted Sosebee's interlocutory application. On appeal, the issue is whether the Child Hearsay Statute, OCGA § 24-3-16 (eff. July 1, 1986), which allows the state to use a child's out-of-court statements without requiring the state to call the child as a witness, unconstitutionally in-

---

[1] The state alleges that the appellant committed the crimes for which he has been indicted between September 1, 1985, and April 12, 1986. Three indictments were returned on September 9, 1986. They charge appellant with one count of child molestation; two counts of aggravated sodomy; one count of rape; and one count of incest. Appellant filed his motion in limine on September 22, 1986. The motion was heard on October 16, 1986, and was denied on October 17. On October 17 the superior court granted a certificate of immediate review, and on November 4, 1986, we granted the application for interlocutory review. On November 12, 1986, appellant filed his notice of appeal, and on December 2 the record was docketed in this court. The appeal was orally argued on February 9, 1987.

fringes upon a defendant's Sixth Amendment right to confront witnesses.

OCGA § 24-3-16 provides that "[a] statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability." By its terms, this statute allows the prosecution to satisfy its burden of proof under certain circumstances by introducing the alleged victim's hearsay declarations without putting the victim on the stand. The statute does not, however, specify all the implications of the phrase, "if the child is available to testify in the proceedings." More particularly, it is unclear whether the legislature intended to require *the defendant* to call the child as a defense witness in order to exercise his right of confrontation. We think it is unlikely that this was the legislative intent, since it is possible that jurors could resent the defendant for forcing the child to take the stand and undergo cross-examination. Absent a clear directive from the legislature, we are reluctant to require the defendant to bear this onus, especially since a reasonable alternative construction of the statute exists.

We therefore hold that if the prosecution invokes the Child Hearsay Statute to introduce out-of-court declarations by the alleged victim, the court shall do as follows: Before the state rests, the court shall, at the request of either party, cause the alleged victim to take the stand. The court shall then inform the jury that it is the court who has called the child as a witness, and that both parties have the opportunity to examine the child. The court shall then allow both parties to examine and cross-examine the child as though the Child Hearsay Statute has not been invoked.

Our construction of § 24-3-16 moots the appellant's constitutional arguments. Accordingly, we find that the trial court correctly denied the motion in limine. On remand, the court is directed to conduct the trial in a manner consistent with OCGA § 24-3-16, as interpreted by this court.

*Judgment affirmed, with directions. All the Justices concur, except Marshall, C. J., who dissents.*

DECIDED JUNE 19, 1987 —
RECONSIDERATION DENIED JULY 29, 1987.

*Austin E. Catts, Robert G. Rubin,* for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, J. David Fowler, J.*

*Thomas Morgan, Assistant District Attorneys,* for appellee.