## 44657. EBERHARDT v. THE STATE.
(359 SE2d 908)

CLARKE, Presiding Justice.

Appellant was convicted of child molestation in Wilkes County on August 8, 1986, and sentenced to twenty years in prison. The evidence at trial showed that appellant began molesting his daughter when she was five or six years of age and continued until she was twelve or thirteen and began to resist.

1. Appellant contends that the trial court erred in admitting hearsay evidence pursuant to OCGA § 24-3-16 in that the statute violates appellant's right of confrontation of witnesses pursuant to the sixth amendment. He argues that even if the statute is constitutional, the testimony should not have been admitted because it did not meet the res gestae exception to the hearsay rule and did not have sufficient indicia of reliability.

We have recently held in *Sosebee v. State,* 257 Ga. 298 (357 SE2d 562) (1987), that the statute is not constitutionally deficient. We construed that statute to provide that the defendant not be

placed in the position of calling the alleged victim to the stand in order to exercise his rights under the sixth amendment. Rather, the court will call the alleged victim at the request of either party, informing the jury that it is the court which has called the child and that both parties will have an opportunity to examine the child.

We hold that this procedure will be required prospectively. However, in the present case, which was tried before *Sosebee*, the appellant was not placed in the position of having to call the child to the stand. The witness whose testimony is complained of was the first witness at trial. The child was called to the stand by the state after this witness had testified. The child was thus available for cross-examination by the appellant without the appellant's having to call her to the stand.

2. Appellant contends that the trial court erred in denying his motion for production of additional dates of alleged offenses and for time to prepare an additional alibi defense as to these alleged offenses. He insists that under *Edgehill v. State*, 253 Ga. 343 (320 SE2d 176) (1984), he was entitled to a continuance in order to have sufficient time to prepare his alibi defense. In *Edgehill v. State*, supra, we held that "[t]he general rule is that when the exact date of the commission of the crime is not a material allegation of the indictment, the commission of the offense may be proved to have occurred any time within the statute of limitations." Id. at 345. However, "where the variance between the allegata and probata surprises and prejudices the defendant by effectively barring an alibi defense he intends to assert" he is entitled to a continuance to enable him to prepare his defense. Id. The evidence in the present case showed a pattern of sexual molestation which lasted over a period of years and beginning when the victim was a small child. "The state cannot be more specific than the evidence permits. An indictment must allege 'some specific date' for commission of the offense or it is defective and subject to demurrer. [Cit.] However, evidence of guilt of an accused is not restricted to the day mentioned in the indictment, but may extend to any appropriate date previous to the finding in the indictment, and within the statute of limitation for the prosecution of the offense charged." *Keri v. State*, 179 Ga. App. 664, 668 (347 SE2d 236) (1986). Here the appellant was on notice well in advance of trial that while the indictment alleged only the date of the last occurrence, the state intended to show a pattern of ongoing occurrence. Under these circumstances, he cannot claim surprise that every date of alleged abuse was not specified in the indictment. Further, under the circumstances there was no error in the court's refusing to grant him a continuance.

3. Appellant contends that the court erred in failing to grant a mistrial when the district attorney referred to God when examining a witness and again when, in closing argument, he referred to God in

connection with the oath which the jurors swore. In regard to the first reference, which was made in connection with a reminder to the witness that she was under oath, the appellant objected, and the objection was sustained. The district attorney at this point withdrew his question, and the court instructed the jury to "disabuse your minds of what . . . the last questions that the district attorney asked, the last question." Appellant was not prejudiced by a question that was never answered.

In referring to the deity in connection with the jurors' oath, the district attorney reminded the jury that "you swore to your God" to decide the issues in the case according to the law and the evidence. Appellant contends that this in effect lined up the jury and the district attorney with God against the appellant. This contention is without merit for several reasons. First, the reference to "your God" is not a reference to any particular deity. Secondly, even if the district attorney had called upon some particular deity, it was only in the context of reminding the jurors that they had sworn to decide the case according to the law and the evidence. Therefore, there was no prejudice to the appellant.

4. In his final enumeration of error the appellant claims that the court erred in allowing an expert witness to testify as to the victim's truthfulness and persuasiveness. We disagree for several reasons. First, the expert, who was a psychiatrist who had treated the victim at Georgia Regional Hospital, was asked if the victim could understand right and wrong, and if the victim could distinguish fact from fiction. There was no objection to either the question or the answer. Later on in the testimony the expert was asked whether if the victim testified, she was capable of "knowing truth from nontruth." At this point, appellant objected, and the objection was sustained by the court. The district attorney did not pursue the line of questioning. After the witness had stated on cross-examination that the victim had a mental illness as defined by the American Psychiatric Association, the district attorney again asked if she was out of touch with reality, whether she was aware of what was going on around her, and whether she could tell fact from fiction. Again, the appellant objected, the objection was sustained, and the witness did not answer the question. During a discussion between the court and both counsel, and not in response to any question, the witness said that the victim's story was convincing. There was no objection and no request for curative instructions.

We find that in the context of the testimony which related to the behavioral problems of the victim and to her hospitalization for treatment of these problems, the question whether she could distinguish fact from fantasy was particularly relevant and not asked merely for the purpose of bolstering the credibility of the victim. We find that

the objection to this question should not have been sustained since it related to a matter within the expertise of the expert witness and was not a matter within the purview of the jury. However, even if this question should not have been allowed, the fact that it had been asked and answered earlier without objection made any subsequent questioning on this point harmless. Finally, the appellant is in error in asserting that the court allowed the witness to testify as to the victim's truthfulness. After the objection was sustained, the only response of the witness on this subject was not in answer to a question. There was no objection and no request for instructions.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 10, 1987 —
RECONSIDERATION DENIED SEPTEMBER 23, 1987.

*Cook, Noell, Tolley & Aldridge, Edward D. Tolley,* for appellant.
*Dennis C. Sanders, District Attorney, Harold W. Wallace III, Margaret E. McCann, Assistant District Attorneys,* for appellee.