## 45201. LAWHORN v. THE STATE.
### (364 SE2d 559)

Clarke, Presiding Justice.

Appellant was convicted in Gwinnett County of two counts of aggravated child molestation and one count of child molestation. He was sentenced to serve twenty years imprisonment on all three counts and an additional ten years on probation on the two counts of aggravated child molestation. Prior to trial the trial judge conducted a hearing to determine the admissibility of certain statements made by the two victims to their mothers and to a social worker. The statements were ruled admissible pursuant to OCGA § 24-3-16. Both victims were called to the stand to testify by the state following the testimony of the mothers and of the social worker. Appellant had an opportunity to cross-examine the two girls at this time.

In his sole enumeration of error the appellant contends that OCGA § 24-3-16 is unconstitutional because it deprives a defendant of due process. In Sosebee v. State, 257 Ga. 298 (357 SE2d 562) (1987), we construed the statute to require that the court call the victim to the stand upon the request of either party in order that the defendant be allowed to cross-examine the victim without being put in the position of calling the victim. The present case was tried before Sosebee was decided. In the later case of Eberhardt v. State, 257 Ga. 420 (359 SE2d 908) (1987), a case tried before the Sosebee opinion was decided, we held that the Sosebee procedure would be applied prospectively only. In Eberhardt, as in the present case, the victim had been called by the state and the defendant had an opportunity to cross-examine without having to call the victim to the stand. Therefore, even in the absence of the procedure outlined in Sosebee, the application of OCGA § 24-3-16 did not violate the defendant's right to confront the witness.

Judgment affirmed. All the Justices concur, except Smith, J., who concurs in the judgment only.

*Clark & McLaughlin, Michael C. Clark,* for appellant.
*Thomas C. Lawler III, District Attorney,* for appellee.