## A89A1936. LATTANY v. THE STATE.

(388 SE2d 23)

DEEN, Presiding Judge.

Clarence Lattany appeals from his conviction of aggravated assault, contending that the trial court erred in failing to disqualify a juror on voir dire. *Held*:

Lattany contends that the juror in question testified that she could not be fair and impartial because of the nature of the case. Further questioning revealed that her father had been assaulted "and for that reason I think that I am somewhat biased." An examination of the entire transcript of the voir dire reveals that appellant has taken the venireman's words out of context. When the assistant district attorney questioned the juror as to what the evidence might show, i.e., that the person on trial did not do the shooting, or that the shooting was justified, she stated that she could be fair and impartial. The court questioned her as to her ability to set aside any prejudices or preconceived notions, listen to the evidence, and determine the guilt or innocence of the accused solely upon the basis of the evidence presented at trial. She responded that she could do that, and the court denied the motion to excuse her for cause.

While a venireman may initially express doubt as to his or her ability to be impartial, this fact alone does not demand that the prospective juror be excused for cause. When the venireman indicates that he can render a fair and impartial verdict based solely upon the evidence presented at trial, he is prima facie competent to serve. *Durham v. State*, 185 Ga. App. 163, 165 (363 SE2d 607) (1987). The trial court has the discretion as to whether to strike a juror for cause. *Davis v. State*, 187 Ga. App. 517, 520 (370 SE2d 779) (1988); *Durham v. State*, supra. We find no abuse of the trial court's discretion. The court followed the provisions of OCGA § 15-12-164 for setting aside a juror for cause and found that the juror in question could render a fair and impartial verdict.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED NOVEMBER 1, 1989—
REHEARING DENIED NOVEMBER 8, 1989 —

*Randall M. Clark*, for appellant.

*Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney*, for appellee.