## A89A1775. RAYBURN v. THE STATE.
### (391 SE2d 780)

BEASLEY, Judge.

The appeal, following denial of new trial, is from Rayburn's convictions for three counts of child molestation, OCGA § 16-6-4 (a), and one count of aggravated child molestation, OCGA § 16-6-4 (c).

1. Appellant contends that the trial court erred in failing to direct his acquittal in that a rational trier of fact could not have found him guilty beyond a reasonable doubt because there were extensive conflicts in the evidence, such as entries in one alleged victim's diary, and because of the "obvious" collusive nature of the purported victims' testimony.

The answers to whether or not the victims, who were appellant's stepdaughter and the stepdaughter's friend, collaborated on their testimony and whether or not there was material conflict in the evidence are governed by determination of the credibility of the victims and other witnesses. "It is the function of the jury to determine the credibility of the witnesses, including that of the defendant. The jurors must weigh and resolve any conflicts presented by the evidence. The appellate court must view the evidence in the light most favorable to the jury's verdict. [Cit.]" *King v. State,* 157 Ga. App. 733, 734 (1) (278 SE2d 491) (1981). The evidence presented at trial was sufficient to enable any rational trier of fact to find appellant guilty beyond a reasonable doubt of the acts of molestation charged. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The evidence supporting the verdict was not uncredible as a matter of law nor were the conflicts irreconcilable.

2. Appellant contends that OCGA § 24-3-16 is violative of the right to confrontation under the Federal Constitution. The statute is not constitutionally deficient in the manners complained of. *Sosebee v. State,* 257 Ga. 298 (357 SE2d 562) (1987). As in *Eberhardt v. State,* 257 Ga. 420 (1) (359 SE2d 908) (1987) and *Lawhorn v. State,* 257 Ga. 780 (364 SE2d 559) (1988), the victims testified in addition to there being testimony about their out-of-court statements. No ruling is made about appellant's rights under the Georgia Constitution, such as Art. I, Sec. I, Par. XIV, inasmuch as it was not raised. *Lee v. State,* 177 Ga. App. 698 (340 SE2d 658) (1986).

3. Appellant further contends that even assuming OCGA § 24-3-16 is not unconstitutional per se, admission of testimony by the stepdaughter's grandmother and that of a Department of Family & Chil-

dren Services' caseworker, violated the Sixth and Fourteenth Amendments by application. He charges that such testimony may not be presented by the State in addition to that of the victim under the procedure in *Sosebee* and that the testimony did not meet the statute's reliability standard.

Contrary to appellant's contention, the *Sosebee* procedure specifically provides for testimony by the alleged child victim as the court's witness, upon request of either the State or the defendant, when the prosecution invokes the Child Hearsay Statute to introduce out-of-court declarations by the child and neither party wishes to call the child as its own witness. *Sosebee* at 299. It actually contemplates testimony about what the child victim said and did relevant to the alleged sexual contact from both the child and those witnessing the child's later reaction, even if the hearsay may be "bolstering." The purpose of this procedure is to allow a defendant to exercise his right of confrontation without requiring him to be cast unfavorably before the jury for forcing the child to testify. Any "bolstering" can be explored by defendant in cross-examination.

By the court's admission of the out-of-court declarations, the court implicitly found the testimony to have sufficient indicia of reliability as the statute requires. OCGA § 24-3-16. *Windom v. State*, 187 Ga. App. 18, 19 (2) (369 SE2d 311) (1988). Such factors as atmosphere, circumstances, spontaneity, and demeanor should be considered in determining reliability. *Ortiz v. State*, 188 Ga. App. 532, 535 (3) (374 SE2d 92) (1988); *Newberry v. State*, 184 Ga. App. 356 (361 SE2d 499) (1987). The grandmother observed her granddaughter as being bothered, walking the floor, and not sleeping well; she was there to hear the granddaughter's spontaneous statements about the molestation and about the victim's concern for her two other sisters. The very next morning after discussing the molestation with her grandmother, the stepdaughter victim made substantially the same statements to the caseworker. These circumstances support reliability.

4. Appellant contends that the trial court erred in refusing to allow certain surrebuttal testimony from his oldest brother.

Appellant had introduced testimony from another brother and his wife that appellant's younger daughter, who testified for the State as to similar acts of molestation by her father, had told them she had said her father molested her because she was frightened by the investigator. In rebuttal to this testimony, the State recalled the younger daughter who testified that she did not remember telling her aunt and uncle that she was not being truthful. Appellant in surrebuttal sought to introduce testimony by his older brother, who had physical custody of this younger daughter prior to and during the trial, that the younger daughter had told him that her father had not touched her. This was offered to support the older brother's testimony that

the victim recanted.

There was no evidence that appellant's oldest brother was present during any conversations between appellant's daughter and her other uncle and aunt; his testimony could not have directly rebutted the daughter's rebuttal of her aunt and uncle's testimony. The trial court did not abuse its discretion in not allowing the attempted surrebuttal. See *Burden v. State*, 182 Ga. 533, 534 (3) (186 SE 555) (1936).

5. Appellant contends the trial court erred in instructing the jury that "you are not required to surrender" rather than "you should not surrender" an honest conviction simply to get along with the other jurors or for the purpose of reaching a verdict. He maintains that the charge gave the jury the impression that each was free to surrender his or her honest convictions for the sake of getting along with other jurors or to reach a verdict. A reasonable reading of the charge in its totality, see *Howell v. State*, 157 Ga. App. 451, 457 (6) (278 SE2d 43) (1981), would not have left the jury with such a notion. To the contrary, the charge encouraged each juror not to yield his or her honest conviction.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 19, 1990 —
REHEARING DENIED MARCH 5, 1990 —

*Word & Flinn, Gerald P. Word*, for appellant.
*William G. Hamrick, Jr., District Attorney, Monique F. Kirby, Assistant District Attorney*, for appellee.