A94A2184. TOLEDO v. THE STATE.
(455 SE2d 595)

McMURRAY, Presiding Judge.

Defendant was tried before a jury on a multi-count indictment for sexually molesting his step-child and found guilty on five counts of committing separate acts of child molestation. This appeal followed. *Held*:

1. Defendant "contends that OCGA § 24-3-16 is violative of the right to confrontation under the Federal Constitution [and the State Constitution]. The statute is not constitutionally deficient in the manners complained of. *Sosebee v. State*, 257 Ga. 298 (357 SE2d 562) (1987). As in *Eberhardt v. State*, 257 Ga. 420 (1) (359 SE2d 908) (1987) and *Lawhorn v. State*, 257 Ga. 780 (364 SE2d 559) (1988), the [victim in the case sub judice] testified in addition to there being testimony about [her] out-of-court statements. [Further, contrary to defendant's contention, there is no indication that the victim was not available for further cross-examination after her initial testimony.] No ruling is made about [defendant's] rights under the Georgia Constitution, such as Art. I, Sec. I, Par. XIV, inasmuch as it was not raised. *Lee v. State*, 177 Ga. App. 698 (340 SE2d 658) (1986)." *Rayburn v. State*, 194 Ga. App. 676 (2) (391 SE2d 780), cert. denied, 498 U. S. 969 (111 SC 434, 112 LE2d 417). See *Frazier v. State*, 195 Ga. App. 109, 112 (7) (393 SE2d 262).

2. Next, defendant contends the "trial court erred in allowing the

jury to consider statements [he] made [while in police custody] which were not voluntarily made when considered in the totality of the circumstances." Specifically, defendant asserts he was confused during the police interrogation because he "is Cuban [and] speaks with a heavy Hispanic accent, and it is obvious from his written statement and his testimony . . . that his grammar is far from perfect." To this extent, defendant argues that the jury misunderstood his statement to an interrogating officer that a relative had just advised him (during a telephone conversation from police headquarters) "not to admit to anything or make any deals." Defendant also argues that the following custodial statement was taken out of context and likewise subjected the jury to misunderstanding: "I am not guilty for what [the victim] has said. I don't know why she said this. [The victim's] report cards are getting worse and worse. We try to talk to her and she just goes into her room. Last night she was in the house with that boy, all kinds of . . . I don't know if she's got problems all over the place. I don't think I damaged [the victim] where she should put me in jail. She's been damaged, but not by me."

" 'Unless clearly erroneous, a trial court's factual determinations relating to the credibility of witnesses and the admissibility of confessions will be upheld on appeal.' (Cits.) (*Dampier v. State*, 245 Ga. 427, 430 (3) (265 SE2d 565) (1980))." *Sumpter v. State*, 260 Ga. 683 (2) (b) (398 SE2d 12). In the case sub judice, Investigator Jerry Lungren of the Gwinnett County Police Department testified at a hearing pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908), that defendant clearly communicated via use of the English language during the entire interrogation process; that defendant responded affirmatively when the officer asked defendant before questioning if he could read and speak English and that defendant demonstrated his language skills both before and after questioning by audibly reading a form (written in English) containing the rights prescribed by *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) and by correcting a handwritten transcription of his custodial statement. Investigator Lungren further testified that defendant affirmed full understanding of his *Miranda* rights; that defendant waived these rights before questioning and that defendant was not threatened, promised any hope of benefit or otherwise coerced during the interrogation process. This evidence was sufficient to sustain a finding that defendant had full command of the English language during the interrogation procedure; that defendant understood the purpose and nature of the custodial interrogation and that defendant's custodial statements were freely and voluntarily given. See *Bonilla v. State*, 204 Ga. App. 424, 426 (3) (419 SE2d 495). Moreover, the meaning, weight and credibility of defendant's custodial statements were for the jury. See *Smith v. State*, 159 Ga. App. 468, 469

(284 SE2d 21).

3. Contrary to defendant's third enumeration, the trial court did not abuse its discretion in admitting two photographs depicting the victim at her mother's wedding to defendant. These photographs were taken four years before defendant's trial (at a time when the victim was nine years of age) and reflect the victim's immature physical development. The victim testified that defendant began sexually molesting her soon after her mother's wedding to defendant. Under these circumstances, the photographs were relevant to show the victim's immature physical development at the time defendant allegedly began molesting the victim. See *Guess v. State*, 264 Ga. 335, 336 (3) (443 SE2d 477).

4. In his fourth enumeration, defendant contends the "trial court erred in allowing testimony by the State's witnesses which tended to indicate bad character, where [defendant] had not opened the door to such testimony." Defendant cites three separate "assignments of error [in the argument supporting this enumeration] in violation of OCGA § 5-6-40. When, as here, [an] appellant asserts more than one error within a single enumeration, this court in its discretion may elect to review none, or one or more, of the errors asserted within the single enumeration. *Wilson v. Southern R. Co.*, 208 Ga. App. 598, 606 (6) (431 SE2d 383); *Robinson v. State*, 200 Ga. App. 515, 518 (2) (408 SE2d 820); *West v. Nodvin*, 196 Ga. App. 825, 830 (4c) (397 SE2d 567)." *Obiozor v. State*, 213 Ga. App. 523, 527 (4) (445 SE2d 553).

Even though it does not appear any of the evidentiary rulings challenged in this enumeration provide a basis for new trial, we elect to review defendant's first assertion that the trial court erred in allowing a witness to testify that defendant informed her "[t]hat if I did all this to [the victim] that they're saying I did, . . . I don't remember it [because] I was either drunk or stoned at the time." "We find no error in admitting this voluntary statement into evidence. Further, we find that if it placed [defendant's] character in issue it did so only incidentally. Finally, the statement was not inadmissible as hearsay because it was at least implicitly an admission against interest." *Satterfield v. State*, 256 Ga. 593, 599 (11), 600 (351 SE2d 625). To this extent, it provided proof of defendant's consciousness of possible guilt. See *Cable v. State*, 191 Ga. App. 46, 47 (2) (380 SE2d 715).

5. Defendant contends in his fifth enumeration that "[t]he trial court erred in denying [his] Motions for Mistrial and in overruling [his] objections to the admission of improper testimony by several of the State's witnesses." Again, defendant violates OCGA § 5-6-40 by asserting three separate assignments of error in the argument supporting this enumeration. Nonetheless, we have examined all three contentions and find that "even if there was error it was nevertheless

harmless, since the remaining evidence against [defendant] was overwhelming and it is highly probable that [the errors asserted in this enumeration] did not contribute to the judgment. *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976). See *Hamilton v. State,* 239 Ga. 72, 76 (235 SE2d 515) (1977); *Richards v. State,* 157 Ga. App. 601 (2) (278 SE2d 63) (1981)." *Franklin v. State,* 251 Ga. 77, 81 (303 SE2d 22).

6. Defendant complains the trial court erred in refusing to strike two prospective jurors for cause, arguing that he was forced to use two peremptory strikes to exclude these jurors. The first prospective juror indicated affirmatively when defense counsel asked, "is it possible . . . you may be bias or more sympathetic toward . . ." the alleged victim since she "is very near the age of your own children. . . ." The second prospective juror informed defense counsel that she "hated" a deceased uncle for sexually molesting her sister.

" ' " 'In order to disqualify a juror for cause, it must be established that the juror's opinion was so fixed and definite that it would not be changed by the evidence or the charge of the court upon the evidence. (Cit.)' (Cit.)" *Chancey v. State,* 256 Ga. 415, 425 (349 SE2d 717). " 'The fact that a potential juror may have some doubt as to his impartiality, or complete freedom from all bias, does not demand, as a matter of law that the juror be excused for cause. (Cits.)' (Cit.)" *Scott v. State,* 193 Ga. App. 577, 578 (2) (388 SE2d 416). "While a venireman may initially express doubt as to his or her ability to be impartial, this fact alone does not demand that the prospective juror be excused for cause. When the venireman indicates that he [or she] can render a fair and impartial verdict based solely upon the evidence presented at trial, he is prima facie competent to serve. (Cit.) The trial court has the discretion as to whether to strike a juror for cause. (Cits.) We find no abuse of the trial court's discretion [in the case sub judice]. The [trial] court followed the provisions of OCGA § 15-12-164 for setting aside a juror for cause and found that the juror(s) in question could render a fair and impartial verdict." *Lattany v. State,* 193 Ga. App. 438 (388 SE2d 23). Accord *Ward v. State,* 193 Ga. App. 137, 140 (8) (387 SE2d 150). We find no abuse of discretion here.' *Nobles v. State,* 201 Ga. App. 483, 487 (7) (411 SE2d 294)." *Greenway v. State,* 207 Ga. App. 511, 513 (3) (428 SE2d 415).

7. Defendant contends the trial court's charge on voluntary intoxication was prejudicial because he did not rely on intoxication as a defense. This contention is without merit as there was ample evidence to support a charge on voluntary intoxication. *Robinson v. State,* 258 Ga. 279, 281 (4) (368 SE2d 513).

8. In his final enumeration, defendant contends the "trial court erred in failing to charge on sexual assault and sexual battery as lesser included charges [to the offenses of child molestation]." This

enumeration presents nothing for review as defendant did not submit written requests to charge on either "sexual assault or sexual battery." *Cavender v. State*, 208 Ga. App. 61, 63 (3), 64 (429 SE2d 711); *Valdez-Hardin v. State*, 201 Ga. App. 126 (410 SE2d 354).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 20, 1995 —
RECONSIDERATION DENIED MARCH 6, 1995 —

*Robert L. Waller III*, for appellant.

*Daniel J. Porter, District Attorney, Tracy R. Aronovitz, Assistant District Attorney*, for appellee.