A96A1747. IN THE INTEREST OF B. P. et al., children.
(475 SE2d 673)

Judge Harold R. Banke.

In this appeal from a juvenile court order terminating the parental rights to three minor children, the appellant mother enumerates a single error. Only the mother pursued this appeal.

The record and evidence presented at the parental rights termination hearing revealed the following. The Georgia Department of Family & Children Services ("DFCS") took custody of the children in 1993. At that time, the children were aged three, two, and one. The mother, a crack addict, failed to provide care and treatment for D. P., who has sickle cell anemia, and repeatedly disappeared, leaving the children with relatives who were unable to care for them.

After the children were adjudicated deprived in May 1993, DFCS developed a reunification plan which required the mother to: (1) attend and complete a drug/alcohol treatment program; (2) regularly attend Alcoholics or Narcotics Anonymous for six months; (3) have at least two clear drug screens in six months; and (4) attend counseling if recommended by the alcohol/drug treatment program. The plan also required her to take a parenting class, have a psychological evaluation, cooperate with DFCS, and obtain a home for her children and maintain it in a safe and sanitary condition.

Two citizen review panels found that the mother failed to achieve any of these goals. Both panels recommended the termination of the mother's parental rights if she failed to meet the plan's goals within a certain time. The record clearly substantiates their

conclusion that she achieved none of these goals, despite the extra time allowed her. For example, in the two and one-half years between the deprivation hearing and the termination hearing, the mother met with the children only four times. Two of these visits occurred by happenstance during the citizen panel review meetings. Her final visit was in December 1993. The mother sent no gifts or cards to the children. Her youngest daughter does not know who she is. In addition, she failed to attend a parenting class or to complete a drug treatment program. *Held*:

Based on the above-stated facts, a rational trier of fact could find clear and convincing evidence of parental misconduct and inability. *In the Interest of E. B.*, 215 Ga. App. 326 (450 SE2d 341) (1994); OCGA § 15-11-81 (a). The mother failed to provide proper medical care, repeatedly left the children with relatives unable to care for them and disappeared. OCGA § 15-11-81 (b) (4) (A) (i) and (ii). The court was entitled to consider the parent's past conduct in determining whether the deprivation was likely to continue. OCGA § 15-11-81 (b) (4) (A) (iii); *In the Interest of J. M. C.*, 201 Ga. App. 173, 174 (410 SE2d 368) (1991). The mother was given repeated opportunities to change, but the changes never materialized. She has yet to complete a drug rehabilitation program. A rational trier of fact could have found by clear and convincing evidence that the mother failed to demonstrate the "significant progress in overcoming her substance abuse problems" among other things, which would warrant a contrary finding as to the likelihood the deprivation would continue. *In the Interest of J. M. C.*, 201 Ga. App. at 174-175. The evidence also clearly and convincingly supports the court's finding that had such deprivation continued, the children would have suffered serious harm. OCGA § 15-11-81 (b) (4) (A) (iv).

We observe that the mother asserted all her arguments in a single enumeration of error. "When, as here, (an) appellant asserts more than one error within a single enumeration, this court in its discretion may elect to review none, or one or more, of the errors asserted within the single enumeration. [Cits.]" *Toledo v. State*, 216 Ga. App. 480, 482 (4) (455 SE2d 595) (1995). Moreover, the mother failed to provide any supporting authority for the argument on the second error raised in her enumeration. See Court of Appeals Rule 27 (c) (2). Accordingly, we decline to address her contention that the juvenile court improperly terminated her parental rights without exploring whether parental resources were available to serve as placements for the children.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED AUGUST 28, 1996.

*William M. Warner*, for appellant.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen A. Sgrosso, Assistant Attorney General, Robert G. Nardone, Dorothy V. Murphy*, for appellee.