## A96A1421. HEATH v. THE STATE.
### (478 SE2d 462)

ANDREWS, Judge.

Scott Robert Heath, convicted of DUI to the extent that he was less safe to drive and speeding, appeals contending that the court improperly allowed certain testimony into evidence, refused to allow his expert to remain during a witness' testimony, and refused to excuse a juror for cause. We affirm.

1. The first enumeration deals with arresting officer Clayton's testimony concerning field sobriety tests and their correlation with an amount of alcohol in the blood. Clayton, a police officer for 15

---

years most recently assigned to DeKalb County's Strategic Traffic Accident Reduction team, stated that he administered the horizontal gaze nystagmus test[1] to Heath. One of the evaluations done in the HGN test is to detect the onset of the jerking movement of the eye prior to a 45-degree angle which "indicates to us [police] . . . the sooner it starts prior to the 45 degrees indicates to us the amount of alcohol above and beyond a .10."

The objection made was that "[t]hese tests have absolutely no correlation between a numerical standard, and I object to that answer. . . . He was indicating that by the percentage of onset of nystagmus, he was able to judge alcohol levels, . . . , and I think that's objectionable, and I object to it."

(a) " 'It is well settled that while evidence may be subject to objection yet if no objection is made in the trial court, *or if the only objection made is not good*, no reversible error is committed by the trial court in allowing the evidence to be submitted. (Cits.)' *Salem v. State*, 228 Ga. 186, 187-188 (3) (184 SE2d 650) (1971)." (Emphasis supplied.) *Hunter v. State*, 202 Ga. App. 195, 196 (3) (413 SE2d 526) (1991).

Here, unlike *Manley v. State*, 206 Ga. App. 281 (424 SE2d 818) (1992), no basis for the objection was voiced.

(b) Additionally, the same evidence was elicited by Heath on cross-examination of the officer and later testified to without objection from Heath during redirect examination. Therefore, even assuming a valid objection, any error in the admission of this evidence was harmless. *Hooten v. State*, 256 Ga. 31, 33 (1) (343 SE2d 481) (1986); *McKibbons v. State*, 216 Ga. App. 389, 392 (3) (455 SE2d 293) (1995).

2. Heath contends that it was error for the trial court to refuse to allow Taylor, his expert witness regarding field sobriety testing methods, to remain in the courtroom during the testimony of Officer Clayton.

The rule of sequestration had been invoked by Heath for the State's witnesses and was then imposed by the court on all witnesses, as was his prerogative. OCGA § 24-9-61; *O'Kelley v. State*, 175 Ga. App. 503, 504-505 (1) (333 SE2d 838) (1985).

Heath's argument has been determined adversely to him in *Gray v. State*, 222 Ga. App. 626, 631 (476 SE2d 12) (1996), where we held that "[i]n the broad discretion of the trial court, the court has the power, notwithstanding the statute, to permit or deny a witness to remain in the courtroom to assist counsel; a party may request but cannot demand that the court exercise its discretionary powers in

---

[1] See generally *Sieveking v. State*, 220 Ga. App. 218 (1) (469 SE2d 235) (1996).

regard to allowing a witness to remain in the courtroom. [Cits.] Even when an expert witness would be assisted by hearing the testimony of preceding witnesses . . . and could assist counsel in conducting the cross-examination, the grant or denial of such exemption lies within the sound discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. [Cits.]"

We find no such abuse of discretion here.

3. Finally, Heath contends the court erred in refusing to excuse juror Hodges for cause based on bias against Heath.

Juror Hodges responded affirmatively to the statutorily mandated question, OCGA § 15-12-164 (a) (2), whether she had a bias against the accused. The following colloquy then occurred:

"THE COURT: You have a bias? MS. HODGES: Yes. THE COURT: And what is that bias? MS. HODGES: I don't think you should drink and drive. THE COURT: That's not what I'm asking. You have a bias about drinking and driving. MS. HODGES: Right. THE COURT: But that's not what I'm asking. . . . I'm asking do you have a bias or a prejudice for or against the accused, not the subject matter of drinking or driving. MS. HODGES: Well, since he's been accused of drinking and driving, and I have a bias against drinking and driving, then I automatically have to —. THE COURT: Well, how do you feel about the presumption of innocence . . .? MS. HODGES: Well, I feel that you . . . are innocent until proven guilty. . . . THE COURT: Do you have any problem with the presumption of innocence that rests with Mr. Heath? MS. HODGES: No. THE COURT: Okay. Now, I'm going to ask you again. . . . Do you have a bias or a prejudice for or against Mr. Heath? MS. HODGES: Yes. THE COURT: Are you perfectly impartial between the State and the accused? MS. HODGES: As far as my personal biases? THE COURT: No, not —. MS. HODGES: No. THE COURT: I think what I'm asking — are you a juror that believes that if the State has charged somebody with a crime that you could not listen fairly and impartially to the evidence and render a verdict that's against the State? MS. HODGES: I am impartial as far as the presentation of evidence. Yes, I'm impartial. . . . THE COURT: Okay. What I'm trying to make clear — it's not the offense that's on trial. It's Mr. Heath that's on trial. MS. HODGES: Right. THE COURT: And you may have a bias about drinking. That's fine. That's a personal experience. But can you set aside your biases and prejudices and give the State and the defendant a fair trial? MS. HODGES: I can try my very best to do that."

" 'In order to disqualify a juror for cause, it must be established that the juror's opinion was so fixed and definite that it would not be changed by the evidence or the charge of the court upon the evidence. The fact that a potential juror may have some doubt as to [her]

impartiality, or complete freedom from all bias, does not demand, as a matter of law that the juror be excused for cause.' (Citations and punctuation omitted.) *Toledo v. State*, 216 Ga. App. 480, 483 (6) (455 SE2d 595) (1995). 'The Supreme Court of the United States has held that "(v)oir dire 'is conducted under the supervision of the court, and a great deal must, of necessity, be left to its sound discretion.' (Cits.) This is so because the 'determination of impartiality, in which demeanor plays such an important part, is particularly within the province of the trial judge.' " (Cit.)' *Arnold v. State*, 236 Ga. 534, 538-539 (6) (224 SE2d 386) (1976). Accordingly, absent a manifest abuse of this discretion, we cannot require a new trial. *Diaz v. State*, 262 Ga. 750, 752 (2) (425 SE2d 869) (1993)." *Wilson v. State*, 220 Ga. App. 487, 488-489 (1) (469 SE2d 516) (1996).

Although, certainly, Hodges expressed her disapproval of drinking and driving and some initial bias based on that being the charge lodged against Heath, she affirmed her belief in the presumption of innocence, her impartiality with regard to the presentation of evidence, and her sincere intent to do her very best to set aside her biases. There was no manifest abuse of discretion in the trial court's actions. *Chancey v. State*, 256 Ga. 415, 425 (3) (B) (a) (349 SE2d 717) (1986); *Lattany v. State*, 193 Ga. App. 438 (388 SE2d 23) (1989).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 25, 1996 —

*William C. Head*, for appellant.

*Ralph T. Bowden, Jr., Solicitor, Michael A. Penn, W. Cliff Howard, Assistant Solicitors*, for appellee.

